NO. 07-03-0363-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 12, 2005
_____

EDNA SUE ANDERSON WOODS,

Appellant

v.

DANNY CRAIG WOODS,

Appellee
_____

FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;

NO. 42,804; HON. BRITT PLUNK, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Edna Sue Anderson Woods (Edna) appeals from a final divorce decree. Through two issues, she contends that the trial court erred in 1) "denying [her] Motion to Withdraw Consent and . . . entering the Final Decree of Divorce" and 2) concluding that it rendered judgment on the day it approved an agreement pertaining to the division of the marital estate. We reverse and remand in part and affirm in part.

### Background

After petitioning for divorce but before expiration of the mandatory 60-day waiting period, *see* TEX. FAM. CODE ANN. §6.702(a) (Vernon 1998) (requiring the court to wait 60 days from the date suit is filed before granting a divorce), Edna and her husband, Danny Craig Woods, agreed to a particular division of their marital estate. The agreement was transcribed into the record at a hearing conducted by the trial court on November 21, 2002, a date some five weeks before expiration of the waiting period. And, though all recognized that a final judgment could not be entered upon the agreement at the time of the hearing, each acceded to the execution of temporary orders incorporating it. Then, the trial court not only approved the accord but also informed the litigants that their bargain would be incorporated into a final judgment when the prescribed waiting period lapsed.

After the temporary orders were executed but before the trial court signed a written judgment, Edna moved to withdraw her consent to the agreement. A hearing was held on the motion, after which it was denied. Subsequently, the trial court signed a final decree of divorce. Therein, it stated that the parties previously had "entered into an Agreement Incident to Divorce . . .," that the trial court had approved the agreement, and that the property division reflected in the document was "in accordance with the agreement."

### Authority

According to the Texas Supreme Court, one may revoke consent to a settlement agreement at any time before judgment is rendered on the agreement. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). This is so because a trial court cannot render a valid agreed judgment absent the consent of the parties at the time it is rendered.

*Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). That the litigants may have satisfied the elements of Texas Rule of Civil Procedure 11 in arriving at the accord matters not; consent at the time judgment is rendered must still exist.[1] *Id.* Moreover, a judgment rendered after one party revokes his consent is void.[2] *S & A Restaurant Corp. v. Leal*, 892 S.W.2d at 857.

Next, a trial court renders judgment when it officially announces its decision in open court or by written memorandum filed with the clerk. *Id.* An intent to render judgment in the future does not satisfy this test, however. *Id.* at 857-58; *quoting, Reese v. Piperi*, 534 S.W.2d 329 (Tex. 1976). Rather, the words spoken or written by the trial court must evince a present, as opposed to future, act that effectively decides the issues before the court. *Id.* In other words, it must "clearly indicate the intent to render judgment at the time the words are expressed." *Id.*

### *Application of Authority*

Here, the record clearly illustrates that Edna withdrew her consent to the November 21, 2002 agreement before the trial court signed the final decree. Yet, Danny argues that this is unimportant since the trial court actually rendered judgment during the November 21st hearing. We disagree.

---

[1] Per Rule 11, ". . . no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11.

[2] Though the judgment may be void, that does not necessarily render the underlying agreement unenforceable. *See Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (stating that although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude it, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to it). However, an attempt to enforce it must be based upon proper pleadings and proof. *Id.* at 462.

At the end of the November hearing, the following discourse occurred:

COURT: Okay. Are we going to do one of two things, No. 1, we can just go ahead and *approve the agreement as to a temporary basis* and enter the temporary orders *or we can approve the agreement as to a temporary basis, enter the temporary orders,* and I can make a finding that the evidence substantiates the granting of the divorce *and grant the divorce contingent on the expiration of the 60 days and the submission of the decree* and the people will not have to come back.

Counsel: That was our intent, Your Honor, the latter, the temporary as well as - -

COURT: Is that what you folks want me to do? In other words, make a finding that based on what I have heard so far, you have satisfied the Texas Family Code and your evidence substantiates the granting of the divorce *but you're not divorced. You will not be divorced until after January the 1st of 2003*, at which time Mr. Butler [Edna's attorney] and Mr. Ratliff [Danny's attorney] would submit a decree to the Court and at that time I would sign the decree and *your divorce would be granted upon signature and entry of the decree.* So, in effect, *you would be held under and bound under these temporary orders pending the signing of the decree at which time your divorce will be final.* Is that what you folks want to do?

[Edna]: That's fine.

[Danny]: Yes, sir.

\* \* \*

COURT: Okay. The Court then this date based on the evidence submitted to the Court, the Court makes a finding that the evidence substantiates the granting to Edna Sue Anderson Woods a divorce from Danny Craig Woods. As to a temporary basis and to a permanent dissolution of the community property, the Court approves the parties [sic] agreement all as per the record made this date.

Whenever the temporary orders are signed and approved by the attorneys as to form, they will forward it to me and I will sign it and *you will be bound by these temporary orders during the pendency of the divorce. Whenever the 60 days expire, which will be January the 1st, 2003, they will submit a final decree to me that has the property division* all as per the record made this date in the decree. *I will sign it, and your divorce will be final at that time upon signature and entry of the decree.*

4

(Emphasis added). As can be seen, the italicized passages contain words short of evincing a clear intent to finally adjudicate (at the time the words were uttered) the rights involved. Indeed, the trial court recognized that it could not so resolve the issues at that time. Thus, it decided to issue "temporary orders" memorializing the agreement "during the pendency of the divorce." And, once the requisite 60-day period lapsed, the parties were to then "submit a final decree . . . that has the property division . . .", which decree the trial court would sign to finalize the divorce. Explicit in these words was the need for further action, though the trial court obviously revealed the nature of the decision that would be encompassed by that action. And, the action consisted of the execution of a written decree containing the parties' agreement. Because of that, we cannot say that the trial court rendered judgment at the November 21st hearing.[3]

In sum, the trial court erred by incorporating into its judgment an agreement which Edna had previously revoked. Accordingly, we reverse that portion of the judgment that divides the marital estate of Edna and Danny Woods, affirm the remainder of the decree, and remand the cause for further proceedings.


Brian Quinn
Chief Justice

---

[3]Though the trial court stated in its conclusion of law number six that it rendered judgment on November 21, 2002, the determination does not bind us. This is so because what it believed the legal effect of its action to be is not dispositive. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995) (stating that "[t]he fact that the trial court believed that he had rendered judgment . . . is not dispositive").