Tilde JONES (Belenki), Appellant,

v.

Linda KROWN, Appellee.

No. 2–06–138–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 25, 2007.

Rehearing Overruled Feb. 22, 2007.

 

Neal S. Callaway, Fort Worth, for Appellant.

Kerry Moseley, Mosley, Mosley & Mosley, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; WALKER and McCOY, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

This is an appeal from a declaratory judgment voiding a will's bequests and devises to Appellant Tilde Jones (Belenki). The primary issue we address in this appeal is whether a paralegal employed as an in-office independent contractor is nonetheless an employee for purposes of the application of probate code section 58b.[1] Because we hold that an in-office independent contractor is an employee within the meaning of the statute, we will affirm the trial court's declaratory judgment and the trial court's award of attorney's fees to Appellee Linda Krown, the testator's sister.

---

**1.** *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1054, § 1, 1997 Tex. Gen. Laws 4016, 4017 (amended 2005) (current version at TEX. PROB. CODE ANN. § 58b(a)(2) (Vernon Supp.2006)).

**2.** The Legislature amended Texas Probate Code section 58b(a) in 2005. The amended version applies only to wills executed on or

### II. FACTUAL AND PROCEDURAL BACKGROUND

Attorney John Corbin prepared the Last Will and Testament of Michele I. Zorn. Zorn signed the will on May 5, 2003. Zorn's will named Belenki as executrix and as a beneficiary of Zorn's estate. Belenki worked in Corbin's office as an independent contractor for several years, including the time during which Corbin drafted Zorn's will and when Zorn executed the will. Belenki also performed work for several other attorneys who office-shared with Corbin; she kept track of her time, and each attorney paid her for the time she spent on their cases.

After Zorn passed away, Belenki filed Zorn's will for probate. Krown, Zorn's sister and heir at law, filed a motion for declaratory judgment, arguing that all devises and bequests to Belenki were void under Texas Probate Code section 58b, which provided that "a devise or bequest of property in a will to an heir or employee of the attorney who prepares or supervises the preparation of the will is void." *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1054, § 1, 1997 Tex. Gen. Laws 4016, 4017 (amended 2005) (current version at TEX. PROB.CODE ANN. § 58b(a)(2) (Vernon Supp. 2006)).[2] The trial court held an evidentiary hearing on Krown's motion for declaratory judgment, found that all bequests and devises to Belenki were void, and ordered that the bequests to Belenki be delivered to Zorn's intestate heirs. The trial court's declaratory judgment also ordered Belenki to pay Krown's costs and attorney's fees in the amount of $3,792. The trial court

---

after the September 1, 2005. Although the amended provision is substantially the same as the prior version, all references to section 58b in this opinion are to the prior version, which was in force during 2003 when the will at issue was executed.

signed findings of fact and conclusions of law supporting its judgment.

Belenki perfected this appeal and complains, in a single issue, that the trial court misconstrued and misapplied Texas Probate Code section 58b and erred by awarding attorney's fees and costs to Krown.

### III. VOID BEQUESTS

Belenki contends that the trial court improperly construed probate code section 58b in a manner that voids Zorn's testamentary intent and void's Zorn's valid bequests to her. Specifically, Belenki argues that Zorn's bequests to her do not violate probate code section 58b because no evidence exists that Corbin, directly or indirectly through an employee or heir, sought to obtain all or a portion of Zorn's estate and because she, Belenki, was not Corbin's employee.

Belenki testified that she had worked for Corbin as an in-office independent contractor for several years; she worked for Corbin in this capacity when he drafted Zorn's will and on the date that Zorn signed her will. Belenki explained, however, that she did not draft Zorn's will and was not present in the room when Zorn signed the will. Belenki testified that she did contract work for Corbin from February 2003 to September 2004 and that she mainly worked on Corbin's personal injury cases. Belenki explained that she could come and go from the office as she pleased, that she was paid contract wages, that Corbin issued a Form 1099 to her, and that Corbin did not provide her with any benefits.

Corbin also testified that he prepared Zorn's will. He said that Belenki worked for him at his office as a legal assistant. Corbin confirmed that Belenki was an independent contractor, she could come and go as she pleased, and he did not provide benefits to her. Corbin stated that Be-

lenki freely used his office internet and, except for some computer glitches, had access to his computer files; she shared his network.

Based on this evidence, the trial court found—in what is labeled as finding of fact number one—that Belenki "was an employee, within the meaning of 58b of the Texas Probate Code, of the attorney who prepared the Last Will and Testament filed herein, at both the time of drafting said Will and at the time of execution of said Will." In finding of fact number two, the trial court found that Belenki "is not the spouse of the testator, an ascendant or descendent of the testator, related within the third degree by consanguinity or affinity to the testator, or a bona fide purchaser for value from a devisee in the Will."

Because the evidence concerning Belenki's status as an in-office independent contractor as well as her relationship to Zorn was undisputed, the issue before us is whether the trial court properly applied the law, specifically probate code section 58b, to the undisputed facts. Thus, the issue presented is one of statutory construction, and we review matters of statutory construction de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003); *City of Harlingen v. Alvarez*, 204 S.W.3d 452, 459 (Tex.App.-Corpus Christi 2005, no pet.). Our primary objective in construing a statute is to give effect to the Legislature's intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003). If the statutory language is unambiguous, we will interpret the statute according to the "plain and common meaning of the statute's words." *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002) (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999)). However, we must also consider the entire act, its nature and object, and the conse-

quences that would follow from each construction. *Atascosa County v. Atascosa County Appraisal Dist.*, 990 S.W.2d 255, 258 (Tex.1999). Thus, we read the statute as a whole and interpret it to give effect to every part. *City of San Antonio*, 111 S.W.3d at 25.

At the time the will was executed, Texas Probate Code section 58b stated that "a devise or bequest of property in a will to an heir or employee of the attorney who prepares or supervises the preparation of the will is void." TEX. PROB.CODE ANN. § 58b(a). The statute specified that it did not apply to a bona fide purchaser for value from a devisee in a will or to a devise or bequest made to a person who (1) is the testator's spouse, (2) is an ascendant or descendant of the testator, or (3) is related within the third degree by consanguinity or affinity to the testator. *Id.* § 58b(b). No other exceptions are listed.

The term "employee" is not defined in the probate code. *See generally id.* § 3 (Vernon 2003). Because the language of probate code section 58b is unambiguous and Belenki has not argued that the language is ambiguous, we apply the plain and common meaning of the word "employee." At its simplest, an "employee" is "[o]ne who works for an employer; a person working for salary or wages." BLACK'S LAW DICTIONARY 525 (6th ed.1990). Here, the evidence demonstrated that Corbin paid Belenki for legal services that she performed for him in his office; thus, under the above definition Belenki was Corbin's employee. She worked for Corbin for wages. Neither probate code section 58b nor any other probate code section draws a distinction between workers employed as independent contractors earning hourly wages and workers employed as traditional employees earning a salary.

Moreover, the application of section 58b to void Zorn's bequests to Belenki is consistent with the Legislature's intent in drafting the section, which was to avoid having an interested person use his position of trust to benefit himself. *See* STANLEY M. JOHANSON, JOHANSON'S TEXAS PROBATE CODE ANNOTATED § 58b cmt. (1998 ed.) (stating, "With a growing elderly population in Texas, there has been an increase in attorneys who have, unknowingly to the testator or rightful heirs, written themselves into wills."); *see also Brown v. Traylor*, 210 S.W.3d 648, 677 (Tex.App.-Houston [1st Dist.] 2006, no pet. h.) (supp. op. on reh'g) (Keyes, J., dissenting from denial of en banc reconsideration) (stating that under section 58b, a person who drafts a will is an interested person who may not use that position of trust to benefit either himself or a close relative).

Concerning Belenki's argument that no evidence exists that Corbin, directly or indirectly through an employee or heir, sought to obtain all or a portion of Zorn's estate, such a finding is not a prerequisite to the application of probate code section 58b. *See* TEX. PROB.CODE ANN. § 58b. Consequently, we cannot hold that the absence of evidence of this fact precludes application of probate code section 58b.

The bottom line is that Belenki was working in Corbin's office, performing duties as a legal assistant for him during the time period when Corbin drafted Zorn's will—which made devises and bequests to Belenki—and when Zorn executed that will. The plain language of probate code section 58b, the stated legislative purpose in enacting section 58b, and a review of the probate code as a whole, all dictate the conclusion that Belenki was Corbin's employee for purposes of the application of probate code section 58b. The evidence is undisputed that Belenki's relationship with Zorn did not fall within one of the statutory exceptions to the application of probate code section 58b; that is,

Belenki was not a bona fide purchaser for value, she is not Zorn's spouse, she is not an ascendant or descendant of Zorn, and she is not related within the third degree by consanguinity or affinity to Zorn. *Id.* § 58b(b). Because the trial court properly found that Belenki was Corbin's employee under probate code section 58b and because the evidence conclusively established that Belenki did not fall within any of the exceptions to section 58b, the trial court correctly applied probate code section 58b to the present facts to void Zorn's will's devises and bequests to Belenki. We overrule this portion of Belenki's issue.

## IV. ATTORNEY'S FEES

 Belenki next argues that the trial court erred and abused its discretion by awarding attorney's fees to Krown. Belenki contends that the trial court was not required to assess attorney's fees against her under the Declaratory Judgment Act and that she defended her friend's will in the trial proceeding in good faith.

Under the Texas Declaratory Judgment Act, the granting of attorney's fees is within the discretion of the trial court. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997); *Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex.1998). The Act, however, imposes four limitations on that discretion. *Bocquet*, 972 S.W.2d at 21. The attorney's fees must be (1) reasonable, (2) necessary, (3) equitable, and (4) just. *Id.* This court will reverse an award of attorney's fees under the Texas Declaratory Judgment Act only if the lower court abused its discretion by either (1) awarding fees when there was insufficient evidence that the fees were reasonable and necessary or (2) acting arbitrarily, unreasonably, or without regard to guiding legal principles in its determination that the fees awarded were equitable and just. *Id.*

Here, the trial court made findings of fact that the amount of attorney's fees granted were just and reasonable. Belenki's only argument on appeal is that the trial court unfairly assessed attorney's fees against her. But, the trial court granted declaratory judgment in Krown's favor by voiding the bequests to Belenki. Therefore, we cannot say that the trial court's award of attorney's fees to Krown was unnecessary or unequitable; Krown prevailed in her declaratory action. *See id.* Because Belenki failed to demonstrate that the trial court abused its discretion by awarding attorney's fees, we overrule this portion of Belenki's issue.

## V. CONCLUSION

Having addressed both of the challenges asserted in Belenki's sole issue and having overruled the issue, we affirm the trial court's declaratory judgment declaring all devises and gifts to Belenki void and assessing attorney's fees against Belenki.