COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-057-CV

 

 

JEFFREY D. COOK                                                               APPELLANT

 

                                                   V.

 

BARBARA J. COOK                                                                APPELLEE

 

                                              ------------

 

           FROM
THE 360TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

In fourteen issues, Appellant
Jeffrey Cook appeals from the trial court=s AAgreed
Decree of Divorce.@  Jeffrey mainly complains that the trial court
entered the decree despite his prior revocation of his consent to the
agreement.  Because we hold that Jeffrey
withdrew his consent to the agreement before the trial court granted the
divorce and rendered judgment, we reverse the trial court=s judgment as void and remand this case for a new trial.








In his thirteenth issue,
Jeffrey challenges findings of fact number thirty-one and number thirty-two,
set out below:

31.  The Court rendered judgment on the property
division and the issues concerning the Suit Affecting the Parent-Child
relationship on July 29, 200[5].

 

32.  The agreement of the parties was unrevoked at
the time of rendition of judgment.

Jeffrey contends that he revoked his consent
prior to rendition of the judgment, basing his argument on the fact that on
July 29, 2005, after approving the settlement agreement, the visiting trial
judge stated, A[u]pon
submission of the final decree and signed by the Court, the divorce will be
granted at that time, not today.@

Section 7.006(a) of the
family code provides,

To
promote amicable settlement of disputes in a suit for divorce or annulment, the
spouses may enter into a written agreement concerning the division of the
property and the liabilities of the spouses and maintenance of either
spouse.  The agreement may be revised or
repudiated before rendition of the divorce or annulment unless the
agreement is binding under another rule of law.[1]

 








The record shows that the divorce was expressly
not rendered on July 29, 2005.  Instead,
under the particular facts of this case, the only evidence shows that the trial
court granted the divorce when the visiting trial judge signed the decree on
December 2, 2005.  Jeffrey filed his AObjection to the Entry of Judgment and Motion for a New Trial,@ contending that Aagreement[s] as to many of the[] issues [in the proposed agreed
judgment] were not negotiated with [him, and many] of the >stipulations= on record
took place without [his] participation . . . ,@ on November 8, 2005. 
Consequently, we agree with Jeffrey that he repudiated the agreement
(that is, revoked his consent) prior to the time of rendition.

The fact that the trial court
approved the settlement agreement on July 29, 2005 does not transform such
approval into a rendition of judgment. 
As the Texas Supreme Court has held,

[A]pproval
of a settlement does not necessarily constitute rendition of judgment.  Judgment is rendered when the trial court
officially announces its decision in open court or by written memorandum filed
with the clerk.  . . . .  The judge's intention to render judgment in
the future cannot be a present rendition of judgment.  The rendition of judgment is a present act,
either by spoken word or signed memorandum, which decides the issues upon which
the ruling is made.[2]

 








In the case before us, A[t]he language of the trial judge during the oral pronouncement
indicates [a present] intent to approve the divorce settlement, but not a clear
intent to render a full, final, and complete judgment.@[3]  Delaying the granting of the
divorce evidenced an intent not to render a full, final, and complete judgment
on July 29, 2005.  Consequently,
rendition did not occur until December 2, 2005, when the visiting judge signed
the decree granting the divorce.[4]








Appellee Barbara A. Cook
argues that Jeffrey never revoked his consent to the agreement because his
complaints were vague and voiced too late. 
We held above that Jeffrey=s complaints were timely under the statute, and our review of his AObjection to the Entry of Judgment and Motion for a New Trial@ shows that he challenges the entire agreement, except his designation
as joint managing conservator, based on voluntariness (contending that Aagreements as to many of the[] issues [in the proposed agreed
judgment] were not negotiated with [him, and many] of the >stipulations= on record
took place without [his] participation@).  Accordingly, we hold that
his complaints were not so vague that the trial court was not sufficiently
apprised of them.

Having held that Jeffrey
revoked his consent before the divorce was rendered and therefore before
judgment was rendered, we sustain Jeffrey=s thirteenth issue.  We do not
reach his remaining issues.[5]

Barbara argues that we should
not reverse and remand this case for a new trial because she would be entitled
to enforce the rule 11 agreement as a contract anyway; therefore, she argues,
there could be no harm in denying all of Jeffrey=s issues.  Alternatively,
Barbara argues that we could modify the judgment and affirm it as
modified.  A judgment rendered after one
of the parties revokes his consent is void.[6]  The AAgreed Decree of Divorce@ in this case is therefore void. 
Barbara points to no authority, nor do we know of any, that would allow
us to affirm a void judgment as modified.

The fact that the judgment is
void 

does
not preclude the [trial] court, after proper notice and hearing, from enforcing
a settlement agreement complying with Rule 11 even though one side no longer
consents to the settlement.  The judgment
in the latter case is not an agreed judgment, but rather is a judgment
enforcing a binding contract.

 








. . . . 

An action to enforce a settlement agreement,
where consent is withdrawn, must be based on proper pleading and proof.[7]

 

The
Supreme Court pointed out in Padilla that

 

Padilla [had] filed a
counterclaim seeking enforcement of the parties' agreement, and both sides
moved for summary judgment on that claim. 
. . . [T]he summary judgment evidence established an enforceable
settlement agreement as a matter of law. 
The trial court therefore should have granted Padilla's motion for
summary judgment and enforced the agreement.[8]

Our review of the record
before us, however, does not show that Barbara sought enforcement of the
agreement as a contract through pleadings and proof.  We can therefore not determine at this time
that enforcing a void judgment against Jeffrey would be harmless.[9]

 








Accordingly, we reverse and
remand this case for a new trial, without prejudice to the parties= rights to seek or avoid the enforcement of the agreement as a
contract.[10]

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

LIVINGSTON, J. filed a dissenting opinion.

DELIVERED: 
December 13, 2007

 

 

 

 

 

 

 

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-057-CV

 

 

JEFFERY D. COOK                                                               APPELLANT

 

                                                   V.

 

BARBARA J. COOK                                                                APPELLEE

 

                                              ------------

 

           FROM
THE 360TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                    DISSENTING OPINION

 

                                              ------------

I respectfully dissent from
the majority opinion in this case.  While
I agree there is some evidence to support the majority=s conclusion that Mr. Cook attempted to revoke his consent, I believe
that it was too late and that the trial court=s judgment should be affirmed.








Here, the parties to the
divorce were in the midst of a contested trial proceeding that had been going
on for two days when they reached a settlement. 
Both parties were represented by counsel, who broke for a recess and
came back on the record and dictated their agreement terms into the record
before the trial court.  The trial court
accepted their agreements as to property, custody, and visitation; confirmed
the parties= desire to
enter into the agreements; and cautioned them that they would not be able to
modify or change the terms of their agreements. 
All of this took place on July 29, 2005. 
Mrs. Cook=s attorney
was directed to prepare the decree and present it to Mr. Cook=s attorney for approval. 
Apparently, there were post-judgment difficulties in getting the written
decree approved and signed.  On or about
November 8, 2005, Mr. Cook filed an Objection to the Entry of Judgment and
Motion for a New Trial complaining that the proposed decree contained terms
that he had not agreed to and that he did not consent to the proposed
decree.  A visiting trial judge signed
the Decree of Divorce on December 2, 2005, despite Mr. Cook=s objection.








On appeal, Mr. Cook contends,
and the majority agrees, that his objection is sufficient to revoke his consent
to the settlement agreement.  He contends
that section 7.006 of the family code requires a conclusion that he rescinded
his consent before Arendition of
the divorce.@  Section 7.006(a) provides that an agreement
incident to divorce may be Arevised or repudiated before rendition of the divorce or annulment
unless the agreement is binding under another rule of law.@  Tex. Fam. Code Ann. ' 7.006(a) (Vernon 2006).  We
must, therefore, determine what constitutes Arendition@ under this
provision of the Texas Family Code in light of these circumstances.

AA judgment
routinely goes through three stages:  (1)
rendition, (2) signing, and (3) entry.@  Wittau v. Storie, 145
S.W.3d 732, 735 (Tex. App.CFort Worth 2004, no pet.) (internal citations omitted).  AA judgment is rendered when the trial court officially announces its
decisionCeither in open court or by written memorandum filed with the clerkCon the matter submitted for adjudication.@  Id. at 735.  And obviously, a judgment is Asigned@ when a
judge actually signs a written order or decree; it is Aentered@ when the
clerk performs the task of entering it in the minutes of the court.  Oak Creek Homes, Inc. v. Jones,
758 S.W.2d 288, 290 (Tex. App.CWaco 1988, no writ).  The
question becomes, when did this trial court Arender@ its
decision on the division of property, custody, and visitation and when did it Arender@ its decree
on the divorce.  To make this
determination, we must look more closely at what transpired when the parties
proved up their agreement.








During trial and after a
recess, counsel for both parties represented to the trial court that they had
entered into a settlement agreement Aas to all issues pending before the Court.@  They then proceeded to go
through the division of their personal belongings and assets.  Then, they moved on to their stipulations
regarding custody and visitation of their child.  When they concluded, the trial court asked
the parties directly:

THE COURT: 
Now, both parties have been in court and heard this recitation of both
parties.  Is this your agreement?

 

MS. COOK: 
Yes.

 

THE COURT:  And are you asking
the Court to approve it?

 

MS. COOK:  Yes.

 

THE COURT: 
Is there any question that you have, at all, about it?

 

MS. COOK: 
No, sir.

 

THE COURT: 
Anything you want to add that hasn=t been added today?

 

MS. COOK: 
No, sir, I don=t
believe so.

 

THE COURT: 
Mr. Cook, you=ve
heard the agreement the parties have placed on record here.  Is this your agreement?

 

MR. COOK: 
Yes, sir.

 

THE COURT: 
Are you asking the Court to approve it?

 

MR. COOK: 
Yes, sir.

 

THE COURT: 
Anything you wish to say to the Court?

 

MR. COOK: 
No, sir.








THE COURT: 
It=s the
only time you=re
going to get a chance to do so.

 

MR. COOK: 
(shakes head)

 

THE COURT: 
Would you prepare the order or Mr. Bienfang?

 

MR. DEPLAZA: 
I=ll
prepare the order, Your Honor.

 

THE COURT: 
And submit it to him?

 

MR. DEPLAZA: 
Yes, of course. And I imagine at some point, probably, at least my
client and I will come for the final prove-up.

 

THE COURT: 
All right.  I don=t
understand what you=re
getting at there.

 

MR. DEPLAZA: 
Oh, just to submit the order. 
Then I have to put one more thing on the record, Your Honor.

 

THE COURT: 
The case has been proven up when it=s been agreed.

 

MR. BIENFANG: 
You proved up the --

 

MR. DEPLAZA: 
There=s one
other thing that we didn=t
do.  We didn=t do
the no domestic violence, and I think that=s required.

 

THE COURT: 
It is.

 

MR. DEPLAZA: 
So if I may.

 

THE COURT: 
Do it now.

 

MR. DEPLAZA: 
Is it your testimony that there has been no domestic violence
perpetrated between the two of you during the course of the two years preceding
this trial today?

 

MS. COOK: 
Yes.








MR. DEPLAZA: 
Nothing further.

 

MR. BIENFANG: 
No questions.

 

MR. DEPLAZA: 
Thank you.

 

THE COURT: 
Based upon the agreements of the parties, the Court will find that it is
a fair, just, and right division of the parties on the property.  Based upon the agreement of the parties, the
Court finds it in the best interest of this minor child.  And the agreement the parties have reached
regarding the conservatorship and visitation is approved believing that to be
in the best interest of the child. 
Anything further?

 

MR. DEPLAZA: 
Nothing further, Your Honor.

 

THE COURT: 
Anything further?

 

MR. BIENFANG: 
No, Your Honor.

 

THE COURT: 
Upon submission of the final decree and signed by the Court, the divorce
will be granted at that time, not today. 
Thank you very much.

Mr. Deplaza, with regard to the exhibits, each
party will retain their own exhibits for any future use necessary.

 








Section 7.006(b) of the
family code provides that upon presentation of a Awritten agreement concerning the division of property and the
liabilities of the spouses,@ the trial court must determine whether the agreement is Ajust and right.@  Tex.
Fam. Code Ann. '
7.006(b).  Once the court determines the
terms are just and right, Athose terms are binding on the court.@  Id.  It is clear on this record that the court
approved the settlement agreement as to both property, custody, and
visitation.  In other words, the court Arendered@ its
decision that day on those matters.  Once
the court Arenders@ its decision, it is too late to revoke or rescind one=s agreement.

Conversely, appellant and the
majority believe that subsection Aa@ of section
7.006 allows appellant to Arevise@ or Arepudiate@ the written
agreement before Arendition of
the divorce@ even though
the trial court had already determined their dictated agreement to be Ajust and right.@  Appellant places heavy emphasis on the court=s statement that the divorce itself would not be granted until it
actually signed the decree.  Appellant
contends that he still had time to Arepudiate@ the
dictated and approved agreement.  Id.
' 7.006(a).  The majority and
appellant believe that the court=s statement that it was not actually granting the entire divorce that
day means that there was still time to revise and repudiate under section
7.006(a) because Arendition of
the divorce@ had not yet
occurred, citing S & A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857
(Tex. 1995).








There is a distinction to be
drawn between this case and the Leal case; in Leal, the trial
court only approved the settlement stating he Awill approve@ the
settlement.  Id. at 857.  Here, the trial court not only approved the
settlement but found it to be Ajust and right@ as required
by the family code.  Therefore, I believe
that Arendition@ occurred
once the trial court approved their agreement. 
AIn the case of an oral rendition, the judgment is effective
immediately. . . .@  Wittau, 145 S.W.3d at 735.  The act of Arendition of the divorce@ is tied specifically and only to the actual ministerial duty of
signing a final decree that the court directed Mrs. Cook=s attorney to prepare.  See
id.  AThe rendition of judgment is a present act, either by spoken word or
signed memorandum, which decides the issues upon which the ruling is made.@  Keim v. Anderson, 943
S.W.2d 938, 942 (Tex. App.CEl Paso 1997, no writ).  In
other words, as to the trial of the division of assets and liabilities, along
with conservatorship and support, the case was over.  There was nothing else to be done other than
the Asigning and entry@ of the actual final decree.  AOnce a judgment is rendered by oral pronouncement, the entry of a
written judgment is purely a ministerial act.@  In re Marriage of Joyner,
196 S.W.3d 883, 886 (Tex. App.CTexarkana 2006, pet. denied) (citing Keim, 943 S.W.2d at 942).








Furthermore, there is a
distinction between a section 7.006 written agreement being presented to
a court and the act of the parties dictating an oral agreement into the record
in front of the trial judge:  the former
fits particularly into the confines of a section 7.006 written agreement incident
to divorce.  But a verbal settlement
agreement dictated on the record in open court is not what the family code
contemplated under section 7.006; section 7.006 contemplates a written
agreement.  It makes sense that there
would be a Awaiting
period@ or some time within which to revise or revoke a written agreement
because the parties are not contemporaneously physically present in court to
indicate their acquiescence to their agreement as they are when their agreement
is dictated on the record in open court. 
By dictating the terms of their settlement on the record in open court,
by asking the trial court to approve the settlement, and by virtue of the trial
court=s approval of the settlement's terms as Ajust and right,@ this
section 7.006 agreement really becomes, by definition, a rule 11 agreement as
well.  See Tex. Fam. Code Ann. ' 7.006; Tex. R. Civ. P.
11.        Rule 11 provides, A[u]nless otherwise provided in these rules, no agreement between
attorneys or parties touching any suit pending will be enforced unless it be in
writing, signed and filed with the papers as part of the record, or unless
it be made in open court and entered of record.@  Tex. R. Civ. P. 11 (emphasis added).  Thus, once the parties entered into a rule 11
agreement, their settlement agreement became enforceable as a rule 11
agreement.  Woods v. Woods, 167
S.W.3d 932, 935 n.2 (Tex. App.CAmarillo 2005, no pet.)  Once
they had a binding settlement agreement, approved by the court and also
enforceable under rule 11, it was too late for appellant to revoke his
consent.  See Alcantar v. Okla. Nat=l Bank, 47 S.W.3d 815, 821
(Tex. App.CFort Worth
2001, no pet.).








Once the trial court approves
the settlement agreement in open court and finds it to be Ajust and right@ as required
by section 7.006, and so states on the record that that is what has occurred,
it has Arendered@ its
judgment on that portion of the divorce. 
Because the parties were before the court, there is no need to give them
an opportunity to revoke their consent as there might be when the agreement is
in writing and presumably made outside court. 
Under rule 11, a stipulation in open court is binding and conclusive on
the parties and the court when entered.  See
id.

Furthermore, I also believe
appellee asked the court to enforce the parties' agreement.  And although appellee did not ask the trial
court to enforce the agreement specifically as a rule 11 agreement, the
pleadings seeking enforcement of the agreement stipulated and agreed to in open
court are sufficient to me.  See Tex. R. Civ. P. 11; see also Padilla
v. LaFrance, 907 S.W.2d 454, 461 (Tex. 1995).

For all these reasons, I
respectfully dissent to the majority opinion and would affirm the trial court=s order.

 

TERRIE LIVINGSTON

JUSTICE

 

DELIVERED:  December 13, 2007

 











[1]Tex. Fam. Code Ann. '
7.006(a) (Vernon 2006) (emphasis added).





[2]S
& A Restaurant Corp. v. Leal, 892 S.W.2d 855, 857-58
(Tex. 1995) (citations omitted).





[3]James
v. Hubbard, 21 S.W.3d 558, 561 (Tex. App.CSan
Antonio 2000, no pet.) (citing Leal, 892 S.W.2d at 857); see also Tri
v. J.T.T., 162 S.W.3d 552, 561 (Tex. 2005) (AA
trial court's judgment is the final indication of what relief it granted
or denied with regard to specific causes of action.@)
(emphasis added); Woods v. Woods, 167 S.W.3d 932, 934 (Tex. App.CAmarillo
2005, no pet.) (AAs
can be seen, the italicized passages contain words short of evincing a clear
intent to finally adjudicate (at the time the words were uttered) the
rights involved.@)
(emphasis added).





[4]See
Leal, 892 S.W.2d at 858 (AThe fact that the trial court
believed that he had rendered judgment during the . . . hearing is not
dispositive.@).





[5]See Tex. R. App. P. 47.1.





[6]Leal, 892
S.W.2d at 857.





[7]Padilla
v. LaFrance, 907 S.W.2d 454, 461-62 (Tex. 1995); see also
Woods, 167 S.W.3d at 135 n.2 (stating same).





[8]Padilla, 907
S.W.2d at 462.





[9]See
Custom Corporates, Inc. v. Sec. Storage, Inc., 207
S.W.3d 835, 841 (Tex. App.CHouston [14th Dist.] 2006,
original proceeding) (ABecause
the order is void, it cannot be enforced against appellants.@); see
also Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427, 429 (Tex. 1932) (A[A]
void judgment is one entirely null within itself, and which is not susceptible
of ratification or confirmation, and its nullity cannot be waived.@).





[10]See
Padilla, 907 S.W.2d at 462.