**AFFIRMED and Opinion Filed November 15, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00878-CV

**ALISON LUNA, THE MITCHELL LAW FIRM, AND JAMIE KIRK, Appellants**
**V.**
**J. ELLEN BENNETT, TEMPORARY ADMINISTRATOR OF THE ESTATE OF GARY WAYNE LUNA, DECEASED, Appellee**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-15-04253-1**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

This appeal involves a declaratory judgment determining the ownership interest in a residence owned by Gary Wayne Luna, deceased, and the joint and several liability of attorney's fees awarded against appellants Alison Luna, The Mitchell Law Firm, and Jamie Kirk. In issues one and two, Luna challenges the determination that she is not an heir of her deceased husband's estate, and regardless of whether she is an heir, the court incorrectly ruled she has no interest in the marital residence. In her third and fourth issues, Luna challenges the award of any attorney's fees but alternatively, if the award stands, Kirk and the Law Firm should not be held jointly and severally responsible. We affirm the trial court's judgment.

**Background**

Luna and Gary married on December 16, 2006. In February 2014, Gary filed a petition for divorce. A hearing to prove up the divorce occurred in family court on April 29, 2015. The parties announced their intent to prove up the divorce, and the terms of the agreement were read on the record. The decree awarded the marital residence to Gary subject to certain conditions. Both parties agreed to their understanding of the agreement. Luna agreed she was asking the court to grant the divorce. At the conclusion of the hearing, the trial judge stated, "Based on the testimony presented and the pleadings on file, I approve the agreement of the parties and render judgment according to the agreement and I've granted the divorce." The judge then asked who would prepare the decree. Gary's attorney volunteered, and the trial judge stated the case would be set on the dismissal docket for May 29, 2015 pursuant to local rules if an order was not on file. The order was not on file before May 29, but the case was not dismissed.

Gary passed away on June 10, 2015. On June 12, 2015, the court entered the written divorce decree. Luna did not appeal the divorce decree.

On November 4, 2015, Luna recorded a deed of trust in Dallas County naming Kirk as trustee and the Law Firm as lender. The deed of trust placed a lien on the residence of $13,957.50 for attorney's fees. Bennett, as temporary administrator of the estate, requested Luna release the deed of trust because it placed a cloud on the title of the residence and inhibited her ability to sell the property.

On November 11, 2015, Bennett filed an Application to Determine Heirship of the estate. She subsequently filed a declaratory judgment action to declare "what, if any, interest Alison Luna owns in the Residence to which a deed of trust might attach . . . [and] to remove uncertainty and doubt with respect to the rights, status, duties, obligations, and relationship of the parties concerning the Residence." Luna, Kirk, and the Law Firm were all named parties to the suit. The parties entered appearances and waived citation and service of process.

Luna filed her own counterclaim for declaratory judgment and motion for partial summary judgment arguing, in part, that the divorce decree entered two days after Gary's death was void, and as surviving spouse, she was an heir to his estate. Bennett also filed a motion for partial summary judgment contending the divorce was final at the time of Gary's death; therefore, Luna had no property interest in the residence. In the motion, Bennett reserved the issue of attorney's fees sought in connection with the declaratory judgment.

On August 10, 2016, the court held a hearing to determine heirship. Based on the testimony of disinterested witnesses and evidence introduced, which included the April 29, 2015 hearing on the divorce decree, the agreed final divorce decree dated June 12, 2015, and the local rules of the family court, the court determined Gary's two children were the only heirs of his estate.[1]

The trial court granted Bennett's motion for partial summary judgment because "as a matter of fact and law, Alison Luna does not own a property interest in the house."

On October 5, 2016, Bennett filed her motion for payment of attorney's fees and expenses against Luna, Kirk, and the Law Firm. In Luna's response, she argued that because all parties stood to benefit from the declaratory judgment, "[i]t would be unfair for Respondents to bear the entire cost" of the action. She further asserted she was the real party in interest and not her attorneys or trustee under the deed of trust.

The court subsequently signed a final judgment awarding Bennett $8,065.50 in attorney's fees jointly and severally against Luna, Kirk, and the Law Firm. This appeal followed.

### Determination of Heirship

Luna argues in her first issue that the probate court improperly relied on the family court's determination that the parties' divorce was final prior to Gary's death. Specifically, Luna contends the family court's oral pronouncement of divorce was insufficient to be a final judgment, and the

---

[1] The judgment determining heirship is subject to a companion appeal in this Court (cause number 05-16-01026-CV).

court lost jurisdiction upon Gary's death thereby making the written judgment after his death void. Thus, Luna asserts she is an heir to Gary's estate. Bennett responds the court's oral pronouncements at the hearing was sufficient to constitute a final judgment of divorce, and the written judgment after Gary's death was a ministerial act. As such, Bennett asserts the family court properly determined Luna was not an heir to the estate.

Judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S&A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). An intent to render judgment in the future does not satisfy this test. *Id.* at 858; *Woods v. Woods*, 167 S.W.3d 932, 933 (Tex. App.—Amarillo 2005, no pet.). Rather, the words spoken or written by the trial court must evince a present, as opposed to future act that effectively decides the issues before the court. *Leal*, 892 S.W.2d at 858. In other words, "the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *Id.*; *see also Woods*, 167 S.W.3d at 933. Once a judgment is rendered by oral pronouncement, entry of a written judgment is purely a ministerial act. *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969) (oral rendition of divorce constituted final judgment even though order not signed until after spouse died).

Here, the record shows the parties appeared before the trial judge and agreed they wanted to prove-up the divorce. The parties understood the agreement and asked the court to grant the divorce. The judge then stated, "Based on the testimony presented and the pleadings on file, I approve the agreement of the parties and render judgment according to the agreement and I've granted the divorce." The court continued, "So I'll set your dismissal date or your 8.02 dismissal for May 29th. You'll need to have an order to the Court before then or a Motion for Entry on file or the case will be dismissed according to local rules. Thank you."

The trial court policies provide, in part, the following:

> Pursuant to Local Rule 8.02, within 30 days after the Court has rendered judgment or there has been an announcement by the parties that the case has settled, the ruling or settlement shall be reduced to writing. Upon the failure to furnish the Court with such a judgment or order finally disposing of a case, or to request an extension of the filing or to set a motion for entry, within the 30 day period, the Court shall enter an order of dismissal without prejudice with costs taxed at the Court's discretion.

The trial court's statements that "I approve the agreement . . . render judgment . . . and I've granted the divorce" expressed a present intent to render a full, final, and complete judgment at the time they were expressed. *Leal*, 892 S.W.2d at 857. *But see James v. Hubbard*, 21 S.W.3d 558, 561 (Tex. App.—San Antonio 2000, no pet.) ("I am going to grant a divorce in this case," did not indicate a present intent to orally render divorce); *Hall v. Hall*, No. 05-16-01141-CV, 2018 WL 1373951, at *2 (Tex. App.—Dallas Mar. 19, 2018, no pet.) (mem. op.) ("will grant" and "will approve" do not signify a present rendition of judgment). Luna acknowledges the authority supporting the finality of an oral pronouncement; however, she contends the words spoken by the judge after granting the divorce created a condition, which made the oral pronouncement of divorce no longer a final and complete judgment. According to Luna, the condition imposed by the trial court explicitly made the finality of the divorce contingent on the preparation and tendering of a proposed written decree and without such, local rule 8.02 required dismissal.

Evidence beyond the words of the trial court at the time of the alleged judgment, such as later statements and writings by the court, is not controlling, but such evidence may be considered in ascertaining whether the trial court intended to render judgment at the time of the alleged oral rendition. *Araujo v. Araujo*, 493 S.W.3d 232, 237 (Tex. App.—San Antonio 2016, no pet.). Here, the record contains such further evidence for our consideration.

On September 22, 2015, the family court considered Luna's motion for new trial and motion to dismiss for lack of jurisdiction challenging the divorce decree. In denying Luna's

motion to dismiss for lack of jurisdiction and motion for new trial, the court made the following finding and ruling:

> The rendition from the bench on April 29, 2015 is a final judgment of the court, notwithstanding local rule 8.02 and admonishments from the court that the case would be dismissed if a final written order was not entered by May 29, 2015. The local rule is intended as an administrative aid to the court to insure timely disposition of cases after oral judgment is pronounced.

"The best interpreters of local rules are the judges who use them daily." *See In re Denny's Inc.*, No. B14-87-863-CV, 1987 WL 32641, at *2 (Tex. App.—Houston [14th Dist.] Dec. 23, 1987, orig. proceeding). Accordingly, there is ample evidence the trial court intended to render a final judgment at the time of its oral rendition of divorce despite reference to local rule 8.02. Thus, signing and entry of the divorce decree on June 12, 2015 was simply a ministerial act. *See Dunn*, 439 S.W.2d at 832 (entry of written judgment is purely ministerial act once judgment rendered orally). Because Luna and Gary's divorce was final prior to his death, Luna was not an heir to his estate. We overrule Luna's first issue.

### Property Interest in the Divorce Decree

In Luna's second issue, she claims she has an interest in the marital residence regardless of her status as an heir based on language in the divorce decree. Bennett responds that according to the unambiguous language of the divorce decree, Luna has no interest in the marital residence.

The divorce decree awarded Gary the marital residence located in Dallas, Texas as his sole and separate property, and divested Luna of all right, interest, and claim in and to it "subject to" husband refinancing the marital residence within twelve (12) months and that all mortgage payments were timely made during that twelve (12) month period. The decree allowed for one untimely payment; however, if Gary was late a second time within twelve months of refinancing, Luna was "entitled to seek enforcement with the Court."

–6–

After Gary died, Luna recorded a deed of trust that placed a lien on the residence. Bennett filed a declaratory judgment to determine rights in the residence. The trial court subsequently granted Bennett's motion for partial summary judgment because "as a matter of fact and law [Luna did] not own a property interest in the house" given the finality of the divorce prior to Gary's death.

The standard for reviewing a traditional summary judgment is well established. *See McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet.). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved against the movant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

When an agreement executed by the parties is incorporated into a divorce decree, the parties are bound by the agreement which is interpreted under general contract law. *Schwartz v. Schwartz*, 247 S.W.3d 804, 806 (Tex. App.—Dallas 2008, no pet.). Absent ambiguity, a court must construe the meaning of a contract as a matter of law. *McMahan v. Greenwood*, 108 S.W.3d 467, 484 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

The parties do not argue the decree is ambiguous. Rather, they disagree on whether Gary's death, which resulted in his inability to refinance the marital property within twelve months and make timely mortgage payments, resulted in her acquiring sole ownership (or at least "some interest") in the marital residence.

Here, the decree awarded Gary the marital residence as his "sole and separate property" and "divested" Luna "of all right, interest, and claim in and to that property." Although the decree required Gary to refinance the residence and make timely mortgage payments, his failure to do so did not create any reversionary interest back to Luna. Rather, the decree specifically provided her exclusive entitlement to "seek enforcement with the Court."[2] To construe the decree as awarding her an interest in the marital residence under these facts would read into the decree language that does not exist. The rules of contract construction prohibit courts from reading into an agreement and contemplating terms that were not included by the parties. *See Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003) ("[W] may neither rewrite the parties' contract nor add to its language."); *Ramsland v. WFW Family, LLP*, No. 05-17-00326-CV, 2018 WL 1790080, at *8 (Tex. App.—Dallas Apr. 16, 2018, pet. filed) (mem. op.).

Moreover, a trial court lacks authority to change the property division in a final divorce decree at a later date. TEX. FAM. CODE ANN. § 9.007(a). An order that alters the substantive division of property in a final divorce decree is "beyond the power of the divorce court and is unenforceable." *Id*. § 9.007(b). The decree awarded the marital residence to Gary as his separate property and any attempt by Luna to subsequently gain a property interest would be an impermissible substantive alteration or modification of the decree, which would be unenforceable. *Id*.; *see, e.g., Watson v. Heaton*, No. 14-09-00717-CV, 2010 WL 5132565, at *2 (Tex. App.— Houston [14th Dist.] Dec. 14, 2010, no pet.) (mem. op.) (changing original decree which awarded husband house as his sole and separate property to grant wife possessory interest in house and order husband to vacate was substantive change). Thus, the probate court properly granted Bennett's motion for partial summary judgment based on her declaratory judgment seeking a

---

[2] In Luna's response in objection to motion for authority, or in the alternative, motion to enforce, she included a single paragraph seeking enforcement under the divorce decree. However, section 9.001 of the family code contemplates a party seeking enforcement of a divorce decree through filing of a separate suit. *See* TEX. FAM. CODE ANN. § 9.001(a). Luna never filed a separate suit seeking enforcement.

determination that Luna did not own a property interest in the marital residence. We overrule Luna's second issue.

**Attorney's Fees**

Luna argues in her third issue that the trial court abused its discretion by awarding attorney's fees because the record does not support that such an award was reasonable and necessary, as well as equitable and just. She claims that because both parties benefitted from the court determining the parties' respective rights, it is "unfair for appellants to bear the entire cost of Administrator's actions," particularly because she was "operating in good faith, pursuing legitimate legal arguments."

Under the Texas Declaratory Judgment Act, the granting of attorney's fees is within the discretion of the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Bocquet v. Herring*, 972 S.W.2d 19, 20–21 (Tex. 1998). The Act, however, imposes four limitations on that discretion. *Bocquet*, 972 S.W.2d at 21. The attorney's fees must be reasonable, necessary, equitable, and just. *Id*. A reviewing court will reverse an award of attorney's fees under the Declaratory Judgment Act only if the lower court abused its discretion by either (1) awarding fees when there was insufficient evidence that the fees were reasonable and necessary or (2) acting arbitrarily, unreasonably, or without regard to guiding legal principles in its determination that the fees awarded were equitable and just. *Id*.

Luna stipulated that the amount of fees was reasonable and necessary during the hearing to determine fees, which parties are free to do.[3] *See Gleason Design Grp. v. Merit Inv. Partners, L.P.*, No. 05-96-00157-CV, 1997 WL 438771, at *1 (Tex. App.—Dallas Aug. 6, 1997, no pet.).

---

[3] During the hearing, Counsel expressed, "The issue we have as defendants in this case is not to the amount or the necessity or the reasonableness of their fees."

Thus, Luna has not challenged the fees as unreasonable or unnecessary. Luna's complaint is that the award of fees is unfair. However, Bennett prevailed in her declaratory action. The trial court had discretion to award the prevailing party attorney's fees. *See, e.g., Jones v. Krown*, 218 S.W.3d 746, 750 (Tex. App.—Fort Worth 2007, pet. denied) (award of attorney's fees was not unnecessary or unequitable when only argument on appeal was that award was unfair). Moreover, although the trial court was not required to issue express findings of fact and conclusions of law in relation to the award of fees under the Act, we may imply all necessary finding and conclusions to support the trial court's judgment. *See Vineyard Village, Ltd. v. Univest Props., Inc.*, No. 2-08-496-CV, 2009 WL 3153269, at *6 (Tex. App.—Fort Worth Oct. 1, 2009, no pet.) (mem. op.) (upholding attorney's fee award on presumption trial court made implied findings to support "equitable and just" award). Thus, we presume the trial court impliedly found the award of attorney's fees to Bennett was equitable and just. As such, the trial court did not abuse its discretion by awarding Bennett attorney's fees. *See Sanchez v. AmeriCredit Fin. Servs., In*c., 308 S.W.3d 521, 526 (Tex. App.—Dallas 2010, no pet.) ("We must presume that a trial court acted within its discretion unless the record discloses to the contrary."). Luna's third issue is overruled.

In her final issue, Luna contends the trial court abused its discretion by awarding attorney's fees against Kirk and the Law Firm because they were not the "real parties in interest" to the declaratory judgment action. Bennett responds Kirk and the Law Firm were properly joined parties and nothing within the Declaratory Judgment Act limits the award of fees to only "real parties in interest."

We agree that nothing within the Declaratory Judgment Act limits an award of attorney's fees against only a real party in interest. Rather, the statute requires "all persons who have or claim any interest that would be affected by the declaration must be made parties." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a).

Here, Bennett named Kirk, as the trustee of the deed of trust recorded by Luna, and the Law Firm as the lender, as parties in the original petition for declaratory judgment filed in December 2015. Rather than challenge their inclusion in the petition through a verified denial, Kirk and the Law Firm personally appeared "for all purposes" and waived service of citation. Moreover, they participated in the litigation as "Respondents" in numerous pleadings and continued to interject themselves into the litigation when they were included as "Respondents" to Luna's motion for partial summary judgment and a response to Bennett's motion for partial summary judgment. Not until after the trial court granted Bennett's motion for partial summary judgment and she filed her motion for fees did Kirk and the Law Firm file a motion to dismiss because liability "could potentially include an award of attorneys' fees."

As parties with an interest in the action who participated in the proceedings, the trial court acted within its discretion by awarding attorneys' fees against them. *Cf. Smith v. Shar-Alan Oil Co.*, 799 S.W.2d 368, 374 (Tex. App.—Waco 1990, writ denied) (concluding trial court had authority to award attorney's fees in favor parties brought into declaratory action by appellant under section 37.006(a)); *see also Bocquet*, 972 S.W.2d at 20 (award of attorneys' fees within sound discretion of the trial court). To the extent Luna argues the trial court abused its discretion by failing to rule on their motion to dismiss, the record does not indicate they requested a ruling on their motion or that the trial court refused to rule. *See Vela v. Manning*, 314 S.W.3d 693, 694 (Tex. App.—Dallas 2010, pet. denied). Likewise, to the extent Luna now challenges Bennett's authority to file suit against the Law Firm, Luna relies on documents attached to her brief that are not included in the record on appeal. *See Bertrand v. Bertrand*, 449 S.W.3d 856, 863 n.8 (Tex. App.—Dallas 2014, no pet.) ("We cannot consider documents cited in a brief and attached as an appendix if they are not formally included I the record on appeal."). Even if we were to take judicial notice of the documents in the companion case, the record before us does not indicate Luna

raised her objection to the trial court; therefore, it is waived. *See* TEX. R. APP. P. 33.1. Luna's final issue is overruled.

## Conclusion

The judgment of the trial court is affirmed.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


160878F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ALISON LUNA, THE MITCHELL LAW
FIRM, AND JAMIE KIRK, Appellants

No. 05-16-00878-CV      V.

J. ELLEN BENNETT, TEMPORARY
ADMINISTRATOR OF THE ESTATE OF
GARY WAYNE LUNA, DECEASED,
Appellee

On Appeal from the Probate Court No. 1,
Dallas County, Texas
Trial Court Cause No. PR-15-04253-1.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee J. ELLEN BENNETT, TEMPORARY ADMINISTRATOR
OF THE ESTATE OF GARY WAYNE LUNE, DECEASED, recover her costs of this appeal
from appellant ALISON LUNE, THE MITCHELL LAW FIRM, AND JAMIE KIRK.

Judgment entered November 15, 2018.