Kenna WITTAU, Appellant,

v.

Gary STORIE, Appellee.

No. 2–04–055–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 26, 2004.

Dickinson & Associates, P.C., D. Bradley Dickinson, Robert Wood, Dallas, for Appellant.

Law Firm of G. David Heiman, G. David Heiman, Lewisville, for Appellee.

PANEL F: CAYCE, C.J.; GARDNER and WALKER, JJ.

## OPINION

PER CURIAM.

Kenna Wittau appeals from a nunc pro tunc order modifying Gary Storie's ·child support obligations. In five issues, Wittau contends that the nunc pro tunc order is void because it corrected a judicial error after the trial court's plenary power over the original child support order had expired. She contends there was no evidence or factually insufficient evidence to support the trial court's implied finding that the original child support order contained a clerical error.[1] We will vacate the trial court's nunc pro tunc order and render judgment denying the motion for judgment nunc pro tunc.

Wittau and Storie are the parents of two minor children. They were divorced in 1990, and Storie began paying Wittau $350 per month in child support. In September 2001, Wittau filed a motion to modify Storie's child support obligations. In addition to increased support, Wittau sought reimbursement for the children's medical expenses and attorney's fees. Wittau also asked that any.increase in child support.be made retroactive to the date Storie was served with process or entered an appearance in the modification proceeding, whichever was earlier.

On February 10, 2003, the trial court held an evidentiary hearing on Wittau's motion, after which it made the following ruling:

> Okay. The court grants [the] motion to modify and sets child support at $533.40, grants judgment for $239.31 medical expenses, and orders respondent to pay $2,000 in attorney's fee[s].

The trial court's docket entry for the February 10 hearing stated: "Child sup.

1. As we discuss herein, this ruling was actually a legal conclusion, not a fact finding.

modification granted ($533.40) + jdgment for $239.31 med exp. + $2000 atty fee."

The trial court asked Wittau's attorney to prepare an order, which the court signed on March 5, 2003. The order required Storie to pay Wittau child support of $533.40 per month beginning on March 1, 2003, plus the medical expenses and attorney's fees that the trial court had awarded at the February 10 hearing. In addition, the order provided that the increased child support obligation was retroactive to September 28, 2001 so that an arrearage of $3,136.14 had accrued between September 28, 2001 and March 1, 2003 for which Storie was liable.

On January 8, 2004, after the trial court's plenary power had expired,[2] Storie filed a motion for judgment nunc pro tunc, in which he alleged that the March 5, 2003 order was incorrect because it awarded Wittau $3,136.14 in retroactive child support that the trial court had not awarded at the February 10 hearing. After a hearing on Storie's motion, the trial court signed a nunc pro tunc child support order that omitted the arrearage award. This appeal followed.

In her appellate issues, Wittau argues that the nunc pro tunc order is void because the March 5 order was not erroneous. In the alternative, she contends that, if the March 5 order did contain an error, the error was judicial and not subject to change outside the trial court's plenary period.

■ A judgment routinely goes through three stages: (1) rendition, (2) signing, and (3) entry. *Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield,* 71 S.W.3d 351, 354 (Tex.App.-Tyler 2001, pet. denied); *Oak Creek Homes, Inc. v. Jones,* 758 S.W.2d 288, 290 (Tex.App.-

Waco 1988, no writ). A judgment is rendered when the trial court officially announces its decision—either in open court or by written memorandum filed with the clerk—on the matter submitted for adjudication. *S & A Rest. Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995); *Reese v. Pieri,* 534 S.W.2d 329, 330 (Tex.1976). In the case of an oral rendition, the judgment is effective immediately, and the signing and entry of the judgment are only ministerial acts. *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969); *Gen. Elec. Capital Auto Fin. Leasing Servs.,* 71 S.W.3d at 354; *Oak Creek Homes,* 758 S.W.2d at 290; *Verret v. Verret,* 570 S.W.2d 138, 140 (Tex. Civ.App.-Houston [1st Dist.] 1978, no writ); *see also* TEX.R. CIV. P. 306a(2). But if the trial court signs a judgment on an issue without first making an oral pronouncement in open court, the act of signing the judgment is the official act of rendering judgment. *Dikeman v. Snell,* 490 S.W.2d 183, 184 (Tex.1973) (orig.proceeding); *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970) (orig.proceeding).

■ Once a trial court loses plenary power over a judgment, it can correct clerical, but not judicial, errors by judgment nunc pro tunc. *Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986); *see also* TEX.R. CIV. P. 316. A clerical error is an error in the entry of a judgment; it is a mistake or omission that prevents the judgment as entered from accurately reflecting the judgment that was rendered. *Escobar,* 711 S.W.2d at 231; *Univ. Underwriters Ins. Co. v. Ferguson,* 471 S.W.2d 28, 29–30 (Tex.1971); *Butler v. Cont'l Airlines, Inc.,* 31 S.W.3d 642, 647 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). In contrast, a judicial error arises from a mistake of law or fact that results from

---

**2.** Storie did not file a motion for new trial; therefore, the trial court's plenary power over

the March 5 child support order expired on April 4, 2003. *See* TEX.R. CIV. P. 329b(d).

736

judicial reasoning or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986); *LaGoye v. Victoria Wood Condo. Ass'n*, 112 S.W.3d 777, 783 (Tex.App.-Houston [14th Dist.] 2003, no pet.). A judicial error occurs in the rendition, as opposed to the entry, of a judgment. *Escobar*, 711 S.W.2d at 231.

■ Whether the trial court previously rendered judgment and the content of the judgment are fact questions for the trial court, but whether an error in the judgment is judicial or clerical is a question of law. *Id.* at 232; *Butler*, 31 S.W.3d at 647. Where, as here, no findings of fact or conclusions of law were filed, the trial court's judgment implies all findings of fact necessary to support it. *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex.1996). Because a record was made of the nunc pro tunc hearing, however, these implied findings are not conclusive, and Wittau may challenge them by raising both legal and factual sufficiency of the evidence issues. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989). We review the trial court's implied factual determinations under traditional legal and factual sufficiency standards,[3] but are not bound by the trial court's legal determination regarding the nature of any error in the original judgment. *Roberson*, 768 S.W.2d at 281; *Escobar*, 711 S.W.2d at 232; *Fin-*

*lay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968) (orig.proceeding).

■ In this case, it is undisputed that the trial court rendered judgment at the February 10 hearing. Thus, we turn to the evidence regarding the content of the February 10 order. Both the trial court's oral rendition of judgment and its docket entry support the court's implied finding that the February 10 order only rendered judgment on the amount of the increased child support, the amount of reimbursable medical expenses, and attorney's fees.

Wittau contends that the trial court's statement, "[t]he court grants [the] motion to modify," preponderates against this finding because it shows that the court orally rendered judgment granting her entire motion on February 10, including her request for retroactive child support, and not just the relief the court specifically enumerated. But the motion to modify also sought other relief, such as a modification of the children's health insurance coverage and premiums, applied retroactively, that was not awarded in either the February 10 or March 5 order. Accordingly, applying the appropriate standards of review,[4] we hold that the evidence is legally and factually sufficient to support the trial court's implied finding that the contents of the oral judgment rendered at the February 10 hearing were limited to the three

3. Several intermediate courts of appeals have held that the trial court should not grant a judgment nunc pro tunc unless the evidence is "clear, satisfactory and convincing" that a clerical error was made. *See, e.g., Davis v. Davis*, 647 S.W.2d 781, 783 (Tex.App.-Austin 1983, no writ); *Mobley v. Rheem Mfg. Co.*, 410 S.W.2d 320, 322 (Tex.Civ.App.-Houston 1966, writ ref'd n.r.e.); *Stauss v. Stauss*, 244 S.W.2d 518, 519 (Tex.Civ.App.-San Antonio 1951, no writ). Based on these cases, Wittau urges us to apply a clear and convincing evidence standard of review to the trial court's factual determination regarding the content of the judgment the trial court origi-

nally rendered. We decline to do so because the supreme court has only applied traditional evidentiary standards of review to this determination. *Escobar*, 711 S.W.2d at 232. Moreover, as we have noted, whether an error is clerical or judicial is a question of law. *Id.*

4. *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex.1996); *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex.1996) (setting out legal sufficiency standard); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965) (setting out factual sufficiency standard).

things specifically enumerated by the trial court.

 The trial court's finding regarding the content of the February 10 order does not, however, support the court's legal conclusion that the award of retroactive child support in the March 5 order was a clerical error. When a trial court orally renders a judgment that disposes of some of the issues in a party's pleading, but is silent on others, a later signed judgment that disposes of an additional issue, while only a "written memorandum" of the oral judgment, is a rendition of judgment on the issue addressed for the first time in the written judgment. *Comet Aluminum Co.*, 450 S.W.2d at 58–59. The later rendition of judgment on the additional issue, if erroneous, is a judicial error, not a clerical one. *Id.* at 59.

Storie contends that the trial court's oral rendition of judgment on February 10 is presumed to have disposed of all issues raised in Wittau's motion to modify, including her request for retroactive child support, because the rendition occurred after trial of the motion on the merits, there was no order for a separate trial of any issues, and the written March 5 order was not intrinsically interlocutory. In light of the supreme court's holding in *Comet Aluminum Co.* regarding the rendition of judgment, this argument fails.[5] Moreover, because the trial court's March 5 written order rendered judgment awarding Wittau retroactive child support, it is immaterial that denial of such support would have been implied if the March 5 order had been silent on the issue. *See Comet Aluminum Co.*, 450 S.W.2d at 59.

In summary, because the trial court first rendered judgment on the retroactive child support issue in the March 5 written order, that order did not contain a clerical error, and the trial court erred in so concluding. Further, because the March 5 order did not contain a clerical error, the trial court's nunc pro tunc order is void. *See id.* Accordingly, we sustain Wittau's issues, vacate the trial court's nunc pro tunc order, and render judgment denying the motion for judgment nunc pro tunc.

---

**5.** The cases on which Storie relies are not on point because they deal with the finality of judgments for purposes of appeal. *See Moritz v. Preiss*, 121 S.W.3d 715, 718–19 (Tex.2003); *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex.2001); *N.E. ISD v. Al-*

*dridge*, 400 S.W.2d 893, 897–98 (Tex.1966). The trial court's child support order was not final for purposes of appeal until it was signed on March 5, 2003. *See* Tex.R.App. P. 26.1 (providing that appellate deadlines run from date judgment is signed).