In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-218 CV


____________________



IN RE WILLIAM DICKERSON






Original Proceeding






OPINION



 William Dickerson filed a petition for writ of mandamus to compel the trial court to
vacate an order denying a motion to enter judgment nunc pro tunc. Dickerson asks this Court
to direct the trial court to correct what he contends are clerical errors in the judgment. We
deny the petition for writ of mandamus.

 The trial court signed its judgment in 2001 and corrected the name of one of the
plaintiffs through judgment nunc pro tunc in 2002. The judgments signed by the trial court
correctly recite the jury's responses to the jury questions, but Dickerson contends the decretal
clauses do not accurately implement the jury's verdict. In 2004, the trial court denied a bill
of review filed by Dickerson. In 2006, counsel for the real parties in interest appeared before
the trial court and announced that the parties agreed to the entry of a judgment nunc pro tunc
that would reduce the amount of the judgment against Dickerson. In 2008, the trial court
conducted hearings on Dickerson's motion to enter judgment nunc pro tunc. The mandamus
record does not establish that the trial court orally rendered a judgment that is contrary to the
written judgment. The trial court did not find that the written judgment entered by the trial
court failed to accurately reflect the judgment actually rendered by the trial court.

 Dickerson contends the trial court erred in entering a judgment that was inconsistent
with the jury's verdict, and argued both to the trial court and to this Court that the trial court
did not intentionally sign a judgment that made Dickerson personally liable for damages
found by the jury to have been caused by the conduct of a co-defendant. "A judgment is
rendered when the trial court officially announces its decision - either in open court or by
written memorandum filed with the clerk - on the matter submitted for adjudication." Wittau
v. Storie, 145 S.W.3d 732, 735 (Tex. App.--Fort Worth 2004, no pet.). Once a trial court
loses plenary power over a judgment, only clerical errors may be corrected by judgment nunc
pro tunc. Id. (citing Escobar v. Escobar, 711 S.W.2d 230, 231 (Tex. 1986)). "When a prior
judicial determination is evidenced, but the signed judgment inaccurately reflects the true
decision of the court, the error is clerical and may be corrected." Andrews v. Koch, 702
S.W.2d 584, 586 (Tex. 1986). Although the question of whether a purported error in a
judgment is judicial or clerical is a question of law, we must give deference to the trial
court's factual determination regarding whether it previously rendered judgment and the
judgment's contents. Escobar, 711 S.W.2d at 232. If the written judgment accurately
reflects the judgment actually rendered by the trial court, the written judgment cannot be
corrected through judgment nunc pro tunc signed after the trial court's plenary power
expires. Id. Because the trial court could find that the judgment entered accurately reflected
the judgment rendered in the case, it could deny Dickerson's motion for entry of judgment
nunc pro tunc.

 Mandamus relief is appropriate only if the court clearly abused its discretion and the
relator has no adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124,
135-36 (Tex. 2004). After reviewing the mandamus record and petition, we conclude that
the relator failed to establish his entitlement to mandamus relief. Accordingly, the petition
for writ of mandamus is denied.

 PETITION DENIED.


 

 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on May 29, 2008

Opinion Delivered June 26, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.



DISSENTING OPINION 


 I respectfully dissent. The trial judge signed two post-answer default "final"
judgments on the same day in the same case against Dickerson: one was apparently based
on a directed verdict, the other on a jury verdict. The judgment based on the jury verdict
contains the jury's findings. That judgment reflects the jury found $87,000 in exemplary
damages against Dickerson but no actual damages. Yet the judgment ordered the plaintiffs
to recover from Dickerson (and the other defendants) $668,300 in actual damages and
$387,000 in exemplary damages. The other judgment -- against Dickerson alone -- ordered
that plaintiffs recover $668,300 from him. 

 Also in the mandamus record are two documents labeled "Final Judgment Nunc Pro
Tunc," both dated January 3, 2002. Like the first two judgments, one is a directed-verdict
judgment and the other a jury-verdict judgment. The damage allocations are the same as in
the first judgments. Each judgment recites that Dickerson filed an answer but did not appear
at trial. In October 2006, the trial court signed a judgment nunc pro tunc order that
apparently was in conformity with the jury's findings. The court then withdrew that order,
seemingly in part because of a bankruptcy stay. The trial judge subsequently signed another
nunc pro tunc order, and then also set that one aside.

 The two "final" 2002 judgments against Dickerson of the same date in the same case
apparently remain in place, although the directed-verdict (findings-of-fact) judgment does
not dispose of all of the parties. "Only one final judgment shall be rendered in any cause
except where it is otherwise specifically provided by law." Tex. R. Civ. P. 301. If there is
no final order or judgment, the trial court retains authority to modify, correct, or reform the
judgment. See Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993) ("A trial court has
plenary power over its judgment until it becomes final."); see Crown Constr. Co. v.
Huddleston, 961 S.W.2d 552, 559-60 (Tex. App.--San Antonio 1997, no pet.) (Trial court
had power to correct, modify, reform, or vacate judgment as long as it retained plenary
power.). The parties and the majority assume the judgment reciting the jury verdict and
disposing of all parties is the final judgment. In my view, the conflicts in and between the
two documents indicate no "final" judgment has yet been signed. See Dispensa v. Univ. State
Bank, 951 S.W.2d 797, 801 (Tex. App.-Texarkana 1997, pet. denied) ("A judgment that
lacks certainty and that is not sufficiently definite in the relief it grants is not a final
judgment."). We should instruct the trial court to sign one final judgment. 

 Even if the judgment on the jury verdict is a final judgment, a court has inherent
power to correct clerical errors in its judgment. See Knox v. Long, 152 Tex. 291, 257
S.W.2d 289, 291-93 (1953), overruled on other grounds by Jackson v. Hernandez, 155 Tex.
249, 285 S.W.2d 184, 191 (1955)) . The distinction between clerical and judicial errors often
is not clear, but I believe the ultimate question is whether a mistake occurred in translating
the trial judge's true decision into writing. See Andrews v. Koch, 702 S.W.2d 584, 585-86
(Tex. 1986) ("[I]n this case, the probate court was merely correcting the signed judgment
which inaccurately reflected the true decision reached."). In Koch, the Court explained that
when it is proven that a judgment does not reflect the court's true decision, the court may
correct the written judgment to conform to the prior judicial determination. Id. at 586. One
author has explained the case-law in this way:

 A review of the cases reveals a great disparity between theory and
practice, because the rules seem to assume that mistakes are inherently either
judicial errors in rendition or clerical errors in entry, and that the court's task
is simply to classify them correctly. In reality, the courts seem to consider not
only the nature of the alleged error but also the character and persuasiveness
of the proof that a mistake really occurred in translating the judge's intentions
into writing. 

 . . . . 

 The cases are difficult to harmonize, but most of them can be explained
by this rule: If clear and convincing evidence proves that the court's true
intent was incorrectly translated into writing, the error is clerical and may be
corrected nunc pro tunc. 


David Peeples, Trial Court Jurisdiction and Control Over Judgments, 17 St. Mary's L.J.
367, 385, 389 (1986). 

 The judgment here awards damages the judgment itself reflects the jury did not find. 
Plaintiff's trial attorney acknowledged the error, and the parties agreed in 2006 to a nunc pro
tunc order correcting the mistake. Although the court later set aside that order, the trial judge
apparently agreed with the parties then that his true intention was not correctly translated into
the January 3, 2002, writing. The law allows a correction under these circumstances. 

 The trial court has the power to make its records reflect its true ruling. We should
issue the writ of mandamus and instruct the trial court to sign one final judgment correcting
the error to reflect the jury verdict. 

 ____________________________

 DAVID GAULTNEY

 Justice


Dissent Delivered

June 26, 2008