*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00175-CV

Belo Benjamin **WRIGHT**,
Appellant

v.

Susan Oliver **WRIGHT**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 07-04-0275-CVA
Honorable Donna S. Rayes, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   February 11, 2009

AFFIRMED

        This is an appeal from a final divorce decree.  On appeal, appellant, Belo Benjamin Wright,

argues the trial court erred in: (1) enforcing a settlement agreement that was not properly filed

pursuant to Rule 11; (2) entering an agreed judgment because Belo repudiated the settlement

agreement prior to the rendition of judgment; and (3) signing a final divorce decree based on a

settlement agreement that was indefinite and did not finally dispose of all the issues.  Belo also

asserts the evidence is legally insufficient to support the division of property.  We affirm.

**BACKGROUND**

On April 12, 2007, Susan Oliver Wright filed an original petition for divorce from Belo. On June 28, 2007, Belo and Susan informed the trial court that they were conferring to negotiate a settlement agreement. After conferring, both parties appeared before the trial court. Susan testified that she and Belo had entered into a settlement agreement, which was signed and executed by both parties and their respective counsel. Susan presented the trial court with a copy of the handwritten agreement along with evidence relating to the settlement agreement. The trial court granted the divorce and found that the settlement agreement contained a fair, just, and equitable division of property. At the conclusion of the hearing, the trial court stated, "[t]he Court approves that agreement and makes it the order of the Court." Susan's counsel then informed the trial court that he would refer to the settlement agreement in the decree and submit a jointly signed decree. The trial court gave the parties a reset date for the entry of the decree, but noted neither party would need to appear if the decree had already been circulated and signed by the trial court.

On October 2, 2007, the parties returned to court on Susan's motion to enter a final divorce decree pursuant to the settlement agreement. Belo, who was now represented by a new attorney, filed an objection to the entry of the decree, seeking to withdraw his consent to the settlement agreement. Belo further objected to the trial court's finding that the property division was fair, just, and right, asserting the trial court had heard no evidence concerning the estate and the settlement agreement left issues regarding community reimbursement and economic contribution unresolved. The trial court found that Belo had not repudiated the settlement agreement prior to the rendition of the divorce decree, the decree comported with the parties' agreement, and the settlement agreement contained a fair, just, and right division of property. The trial court then signed the final decree.

## RULE 11: FILING OF AGREEMENT

In his first issue on appeal, Belo argues the trial court erred by enforcing the settlement agreement because the settlement agreement had not been properly filed with the trial court in accordance with Rule 11 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 11. Belo asserts that although the trial court approved the settlement agreement during the June hearing, the settlement agreement was not filed until several months later as an attachment to the divorce decree.

To be enforceable, settlement agreements must comply with Rule 11 of the Texas Rules of Civil Procedure. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). The purpose of Rule 11 is to prevent future misunderstandings and controversies between parties regarding a settlement agreement. *See id*. Under Rule 11, an agreement between parties must be in writing, signed, and filed as part of the record unless the settlement agreement is made in open court and entered into the record. TEX. R. CIV. P. 11. While Rule 11 requires settlement agreements to be filed "as part of the record," it does not specify when the settlement agreement must be filed. *Padilla,* 907 S.W.2d at 461. "[S]o long as the agreement is filed before it is sought to be enforced[,]" the purpose of the filing requirement is satisfied. *Id.* (stating that the purpose of the filing requirement is to put the parties' agreement before the trial court so that it may judge the settlement agreement's meaning and parties' intentions and safely act upon the settlement agreement) (citing *Birdwell v. Cox*, 18 Tex. 535, 537 (1857)).

Here, Susan met the purpose of Rule 11's filing requirement by filing the settlement agreement with the final decree of divorce. Although Belo argues that Susan was required to file the settlement agreement during the June hearing, the parties only sought approval of the settlement agreement at the June hearing, and neither party was seeking to enforce the settlement agreement

by disputing its terms at that time. *See Alcantar v. Oklahoma Nat'l Bank*, 47 S.W.3d 815, 819 (Tex. App.—Fort Worth 2001, no pet.). Contrary to Belo's argument, Rule 11 does not require a writing to be filed with the trial court before a party withdraws consent; Rule 11 only requires a writing be filed before it is sought to be enforced. *Padilla*, 907 S.W.2d at 461-62. By filing the settlement agreement before she sought to enforce it and while the trial court maintained plenary power, Susan properly satisfied Rule 11's filing requirement. *See id.* at 461; *see also In re Marriage of Raffaelli*, 975 S.W.2d 660, 661 (Tex. App.—Texarkana 1998, pet. denied). Accordingly, we overrule Belo's first issue on appeal.

### WITHDRAWAL OF CONSENT

In his second issue, Belo argues the trial court erred by entering a judgment in accordance with the settlement agreement because he had repudiated the settlement agreement prior to the court's rendition of judgment. Belo argues that while the trial court may have orally approved the settlement agreement at the end of the June hearing, mere approval of the settlement agreement does not constitute rendition of judgment. Belo also points out that the trial court did not sign the settlement agreement during the June hearing. Accordingly, Belo contends the court did not render judgment at the June hearing, and, therefore, the decree could not be entered in accordance with the settlement agreement at the October hearing because he effectively withdrew his consent to the settlement agreement prior to rendition of judgment.

"A judgment routinely goes through three stages: (1) rendition, (2) signing, and (3) entry." *Wittau v. Storie*, 145 S.W.3d 732, 735 (Tex. App.—Fort Worth 2004, no pet.). A judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per

curiam).  While specific words of oral rendition are not required by Texas law, the words stated by the trial court must clearly indicate the court's intent to render judgment at the time the court expresses the words.  *Id.* at 858; *Batchelor v. Batchelor*, No. 04-06-00865-CV, 2007 WL 4320742, at *1 (Tex. App.—San Antonio Dec. 12, 2007, no pet.) (mem. op.); *Golodetz Trading Corp. v. Curland*, 886 S.W.2d 503, 505 (Tex. App.—Houston [1st Dist.] 1994, no writ).  "Once a judgment is rendered by the trial court, the entry of judgment is purely a ministerial act." *Batchelor*, 2007 WL 4320742, at *1; *see also Wittau*, 145 S.W.3d at 735; *Golodetz Trading*, 886 S.W.2d at 505.

Based on the language used by the trial court, we hold the court orally rendered judgment at the end of the June hearing.  The record shows the court not only expressly approved the parties' settlement agreement, but also made the approval of the settlement agreement the order of the court. When the trial court stated, "[t]he Court approves that agreement and makes it the order of the Court[,]" the court clearly articulated its intent to render judgment on the settlement agreement at the time it expressed these words.  *See S & A Rest. Corp.*, 892 S.W.2d at 857-58.  The trial court's word choice demonstrates its present intent to make a decision upon the issues before it, and constitutes a rendition of judgment. *See Batchelor*, 2007 WL 4320742, at *1 (citing *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976)); *see also Wittau*, 145 S.W.3d at 735.  Once the trial court orally rendered judgment, the judgment became effective immediately, and the subsequent signing and entry of the judgment were only ministerial acts.  *See Wittau*, 145 S.W.3d at 735.

Because the trial court expressed a clear intention to render judgment on the parties' settlement agreement at the conclusion of the June hearing, we conclude Belo's attempt to withdraw his consent to the settlement agreement in October was too late.  Once the trial court orally rendered judgment on the settlement agreement, Belo could not revoke his consent to the settlement

agreement. *See S & A Rest. Corp.*, 892 S.W.2d at 857. Accordingly, we overrule Belo's second issue.

### INDEFINITE AND INCOMPLETE AGREEMENT

In his third issue on appeal, Belo argues the trial court erred by signing a final divorce decree based on the settlement agreement because the settlement agreement was indefinite and did not finally dispose of all the issues. Belo primarily relies on the following notation on an exhibit to the settlement agreement containing a list of personal property: "[R]emember, this is all by memory, may be more, but can't recall at this time[.] 6-28-07 Belo Wright 3:30 Am." Belo argues the notation, specifically the phrase "may be more," makes the description of the marital property uncertain and incomplete. As a result, Belo contends the divorce decree incorporates an ambiguous and unclear agreement on the property division which should have been disregarded by the trial court.

We apply the rules of contract law when interpreting the language of a property settlement agreement that is incorporated into a divorce decree. *Buys v. Buys*, 924 S.W.2d 369, 372 (Tex. 1996). In construing a contract to determine the parties' intentions, we examine the entire writing in order to harmonize and give effect to each of its provisions. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). If an agreement is "so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Id*.

In this case, the notation "may be more" by Belo at the end of Exhibit B does not render the settlement agreement ambiguous or incomplete. While the settlement agreement refers to Exhibit B, which contains the alleged ambiguous phrase, the agreement also specifies that, "[e]ach party is

awarded property in their possession with all attendant debt with the exception of the unchecked items on the list attached as Exhibit B, which are awarded to Wife." After examining the settlement agreement in its entirety, it is clear that the settlement agreement unambiguously awards unlisted items to the party in possession; therefore, the settlement agreement clearly disposes of all the marital property, including property not specifically listed on Exhibit B. *See id.* Accordingly, we overrule Belo's third issue.

### FAIR, JUST, AND EQUITABLE DIVISION OF PROPERTY

In his final issue on appeal, Belo argues the trial court abused its discretion because the evidence was legally insufficient to support the court's finding that the settlement agreement was a fair, just, and equitable division of property. According to Belo, during the June hearing, the trial court did not hear any testimony regarding whether the settlement agreement was fair, just, or equitable. At the second hearing, the trial court heard testimony from only Belo, who testified that the property division in the settlement agreement was neither fair nor just. Belo argues the trial court's express finding that the division of property was fair, just, and equitable is not supported by the evidence, and, therefore, the trial court abused its discretion.

Although Belo presents his argument as a legal sufficiency challenge, we review a trial court's community property division order under an abuse of discretion standard. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied). While the legal sufficiency and abuse of discretion standards overlap, legal sufficiency is not an independent ground for reversible error, but instead constitutes a relevant factor in our determination of whether the trial court abused its discretion. *Id.* (citing *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.)). A trial court has wide discretion when dividing the community property estate in a manner that the

trial court deems "just and right," and we will presume the trial court exercised its discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). With respect to a trial court's resolution of factual issues within its discretion, we may not substitute our judgment for that of the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). To prevail on appeal, the appellant must show that the trial court could have reasonably reached only one decision. *Id*. at 840. Even if we might have decided the issue differently, we will not disturb the trial court's decision on appeal unless it is shown to be arbitrary and unreasonable. *Id*.

After reviewing the evidence, we hold that the trial court's finding that the division of property was fair, just, and equitable was not arbitrary or unreasonable. *See Murff* , 615 S.W.2d at 699. During the June hearing, Susan presented the trial court with a copy of a signed settlement agreement along with supporting exhibits. In fifteen listed points, the property settlement agreement divides both community property assets and debts between Susan and Belo.[1] Susan testified that the settlement agreement was negotiated by the parties' attorneys and everyone signed it. Before approving the settlement agreement , the trial court specifically asked Belo's attorney whether he had any questions regarding the settlement agreement and divorce, and Belo's attorney stated he had no questions and was "[j]ust asking for entry of the settlement agreement." Based on the signed agreement, accompanying exhibits, Susan's testimony, and the statement made by Belo's attorney,

---

[1] Under the terms of the settlement agreement, Susan was awarded the marital residence, a 1998 Ford Expedition, $5,250.00 from the sale of a dismantler, one calf, and her retirement account, and Belo was awarded a 2001 Chevrolet pick-up truck, $20,000 from two CD accounts, $9,000 from two safes, a sixteen foot trailer, two cows and one calf, and the Abundant Pallet Company, including machinery such as a shop compressor, floor jack, and shop fan. In items fourteen and fifteen, which refer to Exhibits A and B, the settlement agreement also awards Susan the parties' total marital credit card, home equity, and medical indebtedness, and awards Belo all the checked personal property items listed in Exhibit B.

we cannot conclude that the trial court's decision was arbitrary or unreasonable. *See Walker,* 827 S.W.2d at 840. Accordingly, we overrule Belo's final issue on appeal.

## Conclusion

Based on the foregoing reasons, we affirm the trial court's judgment.

Phylis J. Speedlin, Justice