

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00142-CV

———————————————

JASON HOHEISEL AND AUDRA HOHEISEL, Appellants

V.

MICKY BOYD AND CARRIE BOYD, Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-292873-17

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

In two issues, Appellants Jason and Audra Hoheisel, the Defendants below, challenge the trial court's denial of their claim for attorneys' fees against Appellees Micky and Carrie Boyd, the Plaintiffs below, that was based on the contention that the Defendants were the prevailing parties in the litigation. We will refer to the parties by their trial court designations.

The Defendants' motion seeking attorneys' fees alleged that the Plaintiffs had nonsuited their claims against the Defendants to avoid an inevitable loss on those claims and that this made the Defendants the prevailing parties. The Defendants argue in two issues that the trial court committed harmful error when it (1) entered an order of nonsuit that dismissed their pending claim for attorneys' fees and (2) denied their motion for attorneys' fees and failed to recognize that the evidence established as a matter of law that the Plaintiffs had dismissed their suit to avoid having a summary judgment rendered against them. We overrule the first issue because the order of nonsuit did not specifically dismiss the Defendants' claim for attorneys' fees and, thus, should not be construed as a dismissal of that claim. We overrule the second issue because the evidence supported two inferences: one was that the Plaintiffs had nonsuited their claims to avoid an adverse result, but the other was that a settlement with the other defendants had produced a decision that had made continuing the litigation with the Defendants no longer worthwhile. Because both

inferences are supported by the record, the trial court had the discretion to choose between the two and chose an inference that warranted denial of the Defendants' motion. The governing standard of review dictates that it is not for us to second-guess that choice. We therefore affirm.

## II. Factual and Procedural Background

The suit below involved the sale of a house and the claim that drainage problems were not disclosed before the sale of the house to the Plaintiffs. The Defendants were the sellers of the house, and the other defendants were real estate agents who represented the Defendants in the sale.

When the Defendants answered the suit, they pleaded a claim for attorneys' fees based on a provision of the sales contract that they had entered with the Plaintiffs. That provision stated that any party to the contract "who prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney's fees." The parties litigated for a year and a half.

After the close of discovery, the Defendants filed a no-evidence motion for summary judgment. The Plaintiffs responded by attaching the seller's disclosure made by the Defendants and allegations and evidence in a prior lawsuit in which the real estate agent who was a defendant below had alleged that the property had irreparable drainage problems. The trial court denied the Defendants' motion for summary judgment. The Defendants filed a motion to reconsider this ruling, arguing that the trial court had erred by not sustaining objections to the Plaintiffs' evidence filed in

3

support of their summary-judgment response and that the trial court had not properly considered the evidence in making its original ruling. The motion to reconsider was set to be considered by written submission.

The Plaintiffs did not file a response to the motion to reconsider. Instead, two days before the motion to reconsider was set for submission, the Plaintiffs filed a motion to dismiss their claims against the defendant real estate agents with prejudice. The next day, the Plaintiffs filed a motion to nonsuit their claims against the Defendants. The trial court signed orders granting both of the motions filed by the Plaintiffs.

The Defendants then filed a motion asserting that they were the prevailing parties in the litigation and that they were therefore entitled to recover their attorneys' fees. This motion reiterated many of the arguments that they had made in their motion to reconsider the trial court's denial of their summary-judgment motion. The motion for attorneys' fees went on to note that the Defendants had asserted their claim for attorneys' fees before the nonsuit and also asserted that the Plaintiffs' action could support only one conclusion: they had nonsuited to avoid an unfavorable ruling. The Defendants also filed a motion for new trial that repeated many of the arguments made in their motion for attorneys' fees and also asserted that the trial court had erred by signing a nonsuit order that dismissed the "entire case" and did not leave in place their affirmative claim for attorneys' fees that was pending at the time of the dismissal.

4

The Plaintiffs responded to the motion for attorneys' fees. Among other things, the Plaintiffs pointed out that they had not dismissed their case before the trial court had originally ruled on the Defendants' motion for summary judgment and instead had responded to that motion, which the trial court ultimately denied. The Plaintiffs also pointed out that the evidence supported an inference different from the one that the Defendants had asked the trial court to draw from the timing of the nonsuit, i.e., an inference drawn from the explanation that showed that the dismissal was not an effort to avoid an adverse ruling on the motion to reconsider. The Plaintiffs described the timing of the nonsuit in relation to the hearing on the motion to reconsider as being "purely coincidental." The Plaintiffs detailed what led to their filing the nonsuit as follows:

> The [Plaintiffs] did not file a response to the Motion to Reconsider and nonsuited this case because of a significant change in the litigation of this case: reaching a settlement with the other [defendants]. Between the time the [Defendants'] Motion for Summary Judgment was denied and the hearing by submission was set on their Motion to Reconsider on January 23, 2019, the [Plaintiffs] were pursuing negotiations with [the other defendants] to settle the case. Settlement negotiations between these parties was ongoing since early December 2018.
>
> . . . The negotiations were successful and the [Plaintiffs] and [the other defendants] reached a confidential Settlement and Release Agreement. Upon each respective party completing their obligations under the agreement, a Motion to Dismiss with Prejudice for the claims against [the other defendants] was drafted. The signed Motion was received from counsel for [the other defendants] on January 21, 2019[,] and filed with this Court on January 22, 2019 . . . .

5

In their response, the Plaintiffs offered to tender the settlement agreement and "other relevant communications" for in camera review. The response also catalogued evidence that the Plaintiffs claimed demonstrated that their suit had merit when it was filed.

The trial court determined the Defendants' motion by written submission. It entered an order stating, "The Court, having considered the motion and the arguments of Counsel, has determined that the motion should be DENIED." This appeal followed.

### III. Analysis

**A.    The trial court did not dismiss the Defendants' claim for attorneys' fees when it entered an order of nonsuit. The order did not dismiss that claim because it did not specifically address that claim.**

In their first issue, the Defendants ask us to reverse and either render judgment for the attorneys' fees that they sought from the Plaintiffs or to remand to the trial court for it to award those fees. The alleged error underlying the first issue is that the trial court's order of nonsuit was overbroad because it dismissed the entire suit, including their claim for attorneys' fees. Such an order, the Defendants argue, violates the principle that a nonsuit cannot prejudice claims asserted by the party adverse to the one taking the nonsuit. The Defendants are right in principle but wrong in application because the trial court's order did not dismiss their claim for attorneys' fees.

6

Though the order of nonsuit dismisses "this cause," we do not read it to have the flaw that the Defendants claim. That order did not specifically dismiss the Defendants' claim for attorneys' fees, and a specific statement is required before an order of nonsuit should be construed to dismiss a claim for relief made by the party adverse to the one taking a nonsuit. There is no presumption that the order of nonsuit is final because it was not preceded by a traditional trial on the merits. *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009). In the absence of that presumption, we "must examine the express language of the order and whether the order actually disposes of all claims against all parties." *Id.* Here, a rule governing the interpretation of orders of dismissal establishes why the order's language did not dispose of the fee claim because "[a] judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order." *Id.* Further, the trial court's consideration of the Defendants' motion indicated that their claim for attorneys' fees had not been dismissed. Even if the order contained the flaw that the Defendants' claim, the trial court's consideration and ruling on their motion while the trial court had plenary power rendered that error harmless.

Texas Rule of Civil Procedure 162 allows a party to terminate the prosecution of its claim by taking a nonsuit. Tex. R. Civ. P. 162. But the rule is explicit that "[a]ny dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id.* The rule is also explicit that a

dismissal "shall have no effect on any motion for . . . attorney's fees or other costs, pending at the time of dismissal." *Id.* And caselaw, which has filled in a gap not addressed in the rule, permits a trial court to consider a motion for attorneys' fees filed after the dismissal so long as that motion is heard while the trial court retains plenary jurisdiction. *Beasley v. Soc'y of Info. Mgmt., Dallas Area Chapter*, No. 05-17-01286-CV, 2018 WL 5725245, at *6 (Tex. App.—Dallas Nov. 1, 2018, pet. denied) (mem. op.) (holding that trial court had jurisdiction to consider motion for attorneys' fees filed after entry of order of nonsuit (citing *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex. 2010), and *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996) (per curiam) (op. on reh'g))); *see also Proler v. City of Houston*, 499 S.W.3d 12, 15 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (op. on reh'g) ("Rule 162 merely 'permits the trial court to hold hearings and enter orders affecting . . . attorney's fees . . . even after notice of nonsuit is filed.'").

The Plaintiffs do not challenge that the Defendants' claim for attorneys' fees was "a pending claim for affirmative relief" that survived a nonsuit. Our examination of the record validates that the Defendants had a pending claim for relief. Though phrased inartfully, the Defendants' second amended answer sought attorneys' fees based on the provision of the parties' contract awarding the prevailing party its attorneys' fees.[1] And though not every claim for attorneys' fees is considered a prior

---

[1]The answer contains a heading labeled "<u>Request for Attorney['s] Fees</u>" that is followed by the allegation that "[p]ursuant to Section 17 of [sic] the Defendants

pending claim that survives a nonsuit, the Defendants' claim appears to be one that does qualify as a pending claim that would survive. To be such an affirmative claim for relief, the fee claim must be based on an independent ground or sanction. *Body Shop Auto Storage v. Santander Consumer USA, Inc.*, No. 01-17-00693-CV, 2018 WL 3580938, at *2 (Tex. App.—Houston [1st Dist.] July 26, 2018, no pet.) (mem. op.) ("Thus, a claim for attorney's fees based solely on defending against the other party's claims is not a request for affirmative relief, but if the fees claim is based on an independent ground or sanction, it is a request for affirmative relief." (citing *Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008))). A fee claim made by a defendant against a plaintiff based on the same type of contract provision invoked by the Defendants in this case appears to be an affirmative claim for relief based on an independent ground. *See Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011) (examining claim for attorneys' fees predicated on claim that party was prevailing party and entitled to recover attorneys' fees under section of an earnest-money contract).

Because the Defendants had an affirmative claim for relief, as we have noted, we agree in principle that such a claim should not have been dismissed when granting

request recovery their reasonable attorney's fees should they prevail in this legal proceeding." This allegation apparently refers to the "ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)" by which the Defendants contracted to sell the property to the Plaintiffs. [Bolding removed from original.] Paragraph 17 of that contract contains a provision allowing the prevailing party to recover attorneys' fees.

the Plaintiffs' nonsuit.[2] But we disagree that the trial court's order of nonsuit contains such an error. The nonsuit order entered below does not address the affirmative claim for attorneys' fees made by the Defendants, and an order of nonsuit is not interpreted to dispose of a pending claim for relief unless it specifically states that it is doing so. *See Crites*, 284 S.W.3d at 840; *see also In re Anderson*, No. 01-10-00182-CV, 2010 WL 1612309, at *2 (Tex. App.—Houston [1st Dist.] Apr. 19, 2010, orig. proceeding) (mem. op.) (rejecting argument that claim for sanctions was dismissed because plaintiff intended nonsuit to dismiss entire case and stating that "[b]ecause of the absence of specific language addressing the motion for sanctions, the trial court's order of nonsuit did not dispose of it").

Further, the trial court allowed the parties to continue to litigate the claim for attorneys' fees after the entry of the order of nonsuit. This is an indication that the trial court viewed that claim as viable and as not disposed of by its order of nonsuit. And there is no challenge to and no question in our view that the trial court had the jurisdiction to make that decision after signing the order of nonsuit. The order of nonsuit was not a final judgment because it did not dispose of the fee claim. *See Anderson*, 2010 WL 1612309, at *2. Even if it were a final judgment, the Defendants filed a timely motion for new trial attacking the order of nonsuit for allegedly disposing of their fee claim. This extended the trial court's plenary jurisdiction, and

---

[2]The Plaintiffs' motion for nonsuit did not request the dismissal of the Defendants' fee claim. Rather, the Plaintiffs erroneously stated, "Defendants . . . ha[ve] no pleadings on file seeking affirmative relief from plaintiff[s]."

the trial court disposed of the fee motion within the period of that jurisdiction. *See* Tex. R. Civ. P. 329b(a), (e).

Also, the trial court allowed the parties to litigate the fee question using the appropriate procedure and then ruled on the motion in due course. The Defendants' motion asking the trial court to award them attorneys' fees because they were the prevailing party was built on the relief that they had sought in their answer. That motion was simply the vehicle for the Defendants to litigate the fee claim. *See Killam Ranch Props., Ltd. v. Webb Cty.*, No. 04-08-00105-CV, 2008 WL 4958452, at *5 (Tex. App.—San Antonio Nov. 19, 2008, no pet.) (mem. op.) ("The subsequent motion for attorney's fee was merely the vehicle by which it sought to enforce its pre-existing claim for relief."). This course does not suggest that the trial court viewed its order of nonsuit as a disposition of the Defendants' fee claim.

Finally, the Plaintiffs point us to authority from this court holding that when an order of nonsuit improperly dismisses a fee claim, the error is harmless when the parties are able to brief the issue and the trial court enters an order disposing of the fee claim. *See Severs v. Mira Vista Homeowners Ass'n*, 559 S.W.3d 684, 710–11 (Tex. App.—Fort Worth 2018, pet. denied). This holding demonstrates that even if there were error in the form of the order, it would be harmless.

The Defendants in their opening brief make only one challenge to the contention that any error—if it occurred—was harmless: the trial court's order is vague whether it disposed of the merits of the fee claim or viewed that claim as moot

11

because of its prior nonsuit order. The order denying the Defendants' motion for attorneys' fees does not contain that ambiguity. The Defendants filed a motion seeking their attorneys' fees, and the Plaintiffs responded to that motion. The response did not argue that the order of nonsuit had disposed of the fee claim but challenged the merits of that motion. The Defendants filed a notice stating that their motion would be decided by written submission. The trial court signed an order that stated that it had considered the Defendants' motion and that "[t]he Court, having considered the motion and the arguments of Counsel, has determined that the motion should be DENIED." The record and the terms of the order indicate that the trial court considered the motion for the fee request as the parties asked it to do and disposed of it on the merits of the motion rather than on a belief that the claim was previously dismissed.

In their reply brief, the Defendants expand on their argument that the trial court committed harmful error and point to distinctions between *Severs* and the instant case. They argue that those distinctions show that the trial court in this case committed harmful error because it never considered the merits of their fee claim. We remain unpersuaded.

First, as we have explained, we do not agree that the trial court's order of nonsuit contained the error of dismissing the Defendants' fee claim. Second, the Defendants' argument turns on the procedure utilized by the trial court in hearing the fee claim. In essence, the argument is that the process of determining the fee claim

12

hearing in *Severs* was more thorough because, rather than hearing the matter by submission, the trial court took three steps by holding a status conference, conducting a hearing, and issuing an extensive letter ruling. Based on these distinctions, the Defendants argue that "the record simply does not establish—as the *Severs* record did—that the trial court ultimately considered the counterclaim 'on the merits.'" This argument is based on the faulty premise that because the trial court in this case considered the fee claim in a different manner than the trial court did in *Severs*, we must conclude that the trial court did not resolve the fee claim on the merits. But that argument leaves unanswered the dispositive question of whether the trial court's actions below indicate that the trial court in fact disposed of the Defendants' fee claim on the merits. The trial court's actions we have outlined and the provisions of its order denying the fee claim indicate that the trial court disposed of the fee claim on the merits and do not indicate that the trial court operated under a misconception that the order of nonsuit had disposed of that claim.

Thus, the order of nonsuit did not improperly dismiss the Defendants' fee claim, and nothing the trial court did indicated a belief that it had disposed of the fee claim in the order of nonsuit. Even if the order of nonsuit contained a flaw, that error was harmless because the trial court heard and disposed of the fee claim while it had jurisdiction to do so. We overrule the Defendants' first issue.

13

**B.     The evidence supported an inference that the Plaintiffs did not nonsuit to avoid an adverse result.  The trial court did not err because it chose a reasonable inference that the Defendants do not like.**

In their second issue, the Defendants assert that they were the prevailing parties and that the trial court erred by denying their motion for attorneys' fees.  They argue that the evidence established their status as prevailing parties because the Plaintiffs nonsuited their case on the eve of the hearing to reconsider the trial court's denial of their no-evidence motion for summary judgment.  In the Defendants' view, this act establishes as a matter of law that "there is unquestionably an inference that the [Plaintiffs] nonsuited in order to avoid an unfavorable ruling which would have been dispositive of the [Plaintiffs'] causes of action (i.e., an order disposing of all of their claims on no-evidence grounds)."  This argument ignores that the trial court had evidence before it from which it could draw another reasonable inference—the Plaintiffs' settlement with another party made it uneconomical to continue the litigation against the Defendants.  Choosing between these two reasonable inferences was within the purview of the trial court.

As noted, the Defendants sought attorneys' fees by claiming that they were the prevailing parties in this litigation.  Usually, the taking of a nonsuit does not establish a winner or a loser in litigation.  *See generally Epps*, 351 S.W.3d at 869.  The nonsuit simply calls a halt to the conflict; in other words, "a nonsuit without prejudice works no such change in the parties' legal relationship; typically, the plaintiff remains free to re-file the same claims seeking the same relief."  *Id.*

14

But the supreme court has held that a party may prevail even if the litigation did not progress to a point that a party receives a formal declaration of victory in the form of a judgment. *Id.* at 868–70. Calling a halt to the litigation process by nonsuiting may establish that one party has prevailed when the nonsuit signals an attempt to avoid an inevitable adverse result by a nonsuiting party. *Id.* In the supreme court's view, a nonsuit will not forestall the declaration that one party prevailed when the nonsuit is conspicuously an acknowledgement that a losing claim is about to reach its end by entry of an inevitable adverse judgment:

> [I]t is logical to conclude that the parties intended to award attorney's fees to compensate the defendant when the plaintiff knowingly pursues a baseless action. It makes sense to conclude that the parties would have sought to "discourage the litigation of frivolous, unreasonable, or groundless claims" when a "calculating plaintiff . . . voluntarily withdraws his complaint 'to escape a disfavorable judicial determination on the merits.'" That construction is consistent with the disfavor our cases have displayed toward nonsuits that are filed to circumvent unfavorable legal restrictions or rulings.

*Id.* at 869–70 (citations omitted).

To make a determination regarding whether a nonsuit signals an attempt to sidestep the inevitable, "[a] number of factors may support an inference that a plaintiff has nonsuited in order to avoid an unfavorable ruling." *Id.* at 870–71. The supreme court catalogued the types of evidence that the trial court should examine in deciding whether such an inference exists:

> [I]f a plaintiff nonsuits only after a motion for summary judgment is filed, it may suggest that the plaintiff elected to do so in order to escape summary judgment. Further, a plaintiff's unexcused failure to respond

15

to requests for admissions or other discovery that could support entry of an adverse judgment may also indicate that a nonsuit was taken to foreclose that possibility. Similarly, a failure to timely identify experts or other critical witnesses could suggest that a nonsuit is neither tactical nor voluntary. And the existence of other procedural obstacles, such as the plaintiff's inability to join necessary parties, may also signal that the defendant has prevailed over the plaintiff.

*Id.* at 871 (citation omitted). But the supreme court also noted that other factors may signal an inference that the nonsuit is not a recognition that a baseless lawsuit is about to receive its just deserts. *Id.* There may be events that occur as the suit progresses that make the litigation no longer viable:

On the other hand, as we have noted, it is reasonable to presume that the parties did not intend to encourage continued litigation when discovery reveals previously unknown flaws in the plaintiff's claims. Accordingly, evidence that the suit was not without merit when filed may indicate that the defendant has not prevailed and is therefore not entitled to attorney's fees.

*Id.*

In this case, the standard of review tightly constrains us from second-guessing the trial court's determination of what inference to make because, as we have recently held, that question involves one of fact. *See Severs*, 559 S.W.3d at 706. In that case, we had to delve into the appropriate standard of review because of uncertainty in what standard we should apply "when, as is the case here, we review a trial court's decision to deny a defendant's counterclaim for attorney's fees under a 'prevailing party' clause in a contract when the contract does not define 'prevailing party' and the plaintiff has nonsuited its claims without prejudice." *Id.* Relying on the First and Fourteenth

16

Courts, we decided that the issue of whether a party nonsuited to avoid an unfavorable ruling is a question of fact that we review under an abuse-of-discretion standard. *Id.* (quoting *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2016, no pet.), and citing *Referente v. City View Courtyard, L.P.*, 477 S.W.3d 882, 885–86 (Tex. App.—Houston [1st Dist.] 2015, no pet.)). On the other hand, "we review any legal determinations, such as whether the suit had an arguable basis in law, de novo." *N. Star Water Logic, LLC*, 486 S.W.3d at 105; *see also Referente*, 477 S.W.3d at 886 ("[W]e will review the trial court's determination under *Epps* for an abuse of discretion, deferring to factual findings that are supported by some evidence, but reviewing legal questions de novo.").

Because the inference to draw whether a party nonsuited to avoid an unfavorable result is a fact question, "the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence." *Referente*, 477 S.W.3d at 885. In that circumstance, we may reverse only if the evidence supported only one decision and the trial judge made a different one:

> With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision, and it failed to do so. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). With respect to the application of the law, a trial judge has no discretion in determining what the law is or in applying the law to the undisputed facts, and a clear failure by the court to correctly analyze or apply the law will constitute an abuse of discretion. *See id.*

*Tex. Voices for Reason & Justice, Inc. v. City of Argyle*, No. 02-16-00052-CV, 2017 WL 1173837, at \*2 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op.); *see also Health Care Serv. Corp. v. E. Tex. Med. Ctr.*, 495 S.W.3d 333, 338 (Tex. App.—Tyler 2016, no pet.) (op. on reh'g) ("The trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision. More specifically, the trial court does not abuse its discretion when it bases its decision on conflicting evidence, or when some evidence of substantive and probative character exists to support its decision." (citation omitted)). And it is not our role to question whether a trial court picked the better of the inferences because when deciding which inference to choose, a factfinder is free to select between conflicting inferences drawn from the evidence so long as each of the inferences is reasonable. *City of Keller v. Wilson*, 168 S.W.3d 802, 821 (Tex. 2005) ("Even if evidence is undisputed, it is the province of the jury to draw from it whatever inferences they wish, so long as more than one is possible and the jury must not simply guess.").

Here, the Defendants' argument fails because it ignores that the evidence supported an inference contrary to the one they prefer—an inference that the Plaintiffs nonsuited their claims against the Defendants because a settlement with the other defendants and the poor likelihood of a recovery against the Defendants made it unreasonable from their perspective to continue litigating. The Plaintiffs specifically pointed to this inference as the basis for the trial court to deny the Defendants'

motion for attorneys' fees.[3] The record contains evidence that the inference the Plaintiffs advocated was reasonable if for no other reason than that the motion to dismiss the other defendants with prejudice was followed a day later with the nonsuit of their claims against the Defendants.

Nor do the other facts cited by the Defendants make the inference unreasonable as a matter of law as they contend. The trial court had denied the Defendants' no-evidence motion for summary judgment. The Defendants asked the trial court to reconsider that ruling, and the motion to reconsider was set by written submission on the day after the Plaintiffs nonsuited. The Plaintiffs had not filed a response to the motion to reconsider and had allegedly filed no admissible evidence in response to the original no-evidence motion. The Defendants argue that "[u]nder these facts, there is unquestionably an inference that the [Plaintiffs] nonsuited in order to avoid an unfavorable ruling [on the motion to reconsider,] which would have been

---

[3]As we noted earlier, the Plaintiffs' response to the Defendants' motion articulated the inference that it asked the trial court to draw as follows:

> In the present case, the [Plaintiffs] had a legitimate reason to nonsuit, irrespective of the strength of their claims against the [Defendants] and the pending hearing by submission on the [Defendants'] Motion to Reconsider. Specifically, they were able to settle and complete their respective obligations under the settlement agreement with [the other defendants]—which was coincidentally two days before the Motion to Reconsider. Upon settling with [the other defendants], the [Plaintiffs] evaluated the impending trial costs and likelihood of collecting any judgment obtained against the [Defendants]. Based on that analysis, the [Plaintiffs] decided to file a Motion to Nonsuit Without Prejudice for the claims against the [Defendants] on January 23, 2019.

dispositive of the [Plaintiffs'] causes of action (i.e., an order disposing of all of their claims on no-evidence grounds)." The inference that the Defendants draw may be reasonable, but it is not the only reasonable inference. A complete portrayal of the facts also supports the contrary inference, which is the one that the trial court impliedly drew. The confluence of circumstances supports an inference that the Plaintiffs decided that the settlement they had obtained made it unreasonable to continue to litigate. And we highlight that the Plaintiffs had prevailed against the Defendants' motion for summary judgment. It is a stretch to argue that nonsuiting before consideration of a motion that asked the trial court to reverse a favorable ruling irrefutably signals that the Plaintiffs nonsuited to sidestep an inevitable adverse result.

The Defendants raise two arguments in their reply brief that challenge our holding that there was evidence that offered the trial court two inferences to choose from. As we interpret that brief, the first argument is that the Plaintiffs offered only argument and no evidence to support the inference that they asked the trial court to make. The second argument is that we cannot imply a finding to support the trial court's order because the trial court did not conduct an evidentiary hearing—because the Plaintiffs offered no evidence—and findings of fact should not be made in a postjudgment context.

With respect to the first argument, we disagree that the record is as fallow as the Defendants claim. As we noted, the timing of the motion to dismiss with prejudice and the nonsuit offered some evidence to support an inference that the

20

nonsuit was not a tactic to avoid an inevitable adverse result. And we emphasize again the unique posture of the case when dismissed—the Plaintiffs had prevailed against the Defendants' summary-judgment motion. This fact, in combination with the timing of the motion to dismiss with prejudice and nonsuit, simply does not support a conclusion that the only decision the trial court could reach was that the Plaintiffs dismissed their case to dodge an inevitable loss.

We also reject the contention that the trial court could not consider Plaintiffs' counsel's explanation of the timing of the nonsuit. *See N. Star Water Logic*, 486 S.W.3d at 109 (stating that when a party is not put on notice until after nonsuit that attorneys' fees are at issue, "the trial court did not err by basing its decision, in part, on counsel's statements during the attorney's fees hearing that there were monetary reasons behind the nonsuit").

Our conclusion—that the trial court did have an evidentiary basis for the inference that we conclude it drew—disposes of the Defendants' arguments suggesting that we cannot imply the finding that the trial court made. If we understand the first of these procedural arguments, it is that the trial court had no power under Texas Rule of Civil Procedure 296 to make a finding because it did not try any issue due to not having any factual controversy before it. *See* Tex. R. Civ. P. 296 ("In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law."). This argument turns on the premise that we just rejected: Plaintiffs' counsel's explanation

21

of the reason for the nonsuit was the only support in the record for the inference that the trial court apparently drew, and that explanation is not evidence.

The Defendants' second procedural argument is that the trial court has no duty to make findings of fact and conclusions of law after a postjudgment hearing. They cite two opinions from this court holding that a trial court does not abuse its discretion by refusing to make findings when resolving a postjudgment proceeding. *See Murray v. Murray*, 276 S.W.3d 138, 143–44 (Tex. App.—Fort Worth 2008, pet. dism'd) ("Consequently, because the hearings in this case were post-judgment hearings, and because a trial court's duty to make findings of fact and conclusions of law does not extend to post-judgment hearings, we hold that the trial court did not abuse its discretion by denying Brad's request for findings of fact and conclusions of law."); *Johnson v. J.W. Constr. Co.*, 717 S.W.2d 464, 467–68 (Tex. App.—Fort Worth 1986, no writ) (reasoning that because a postjudgment hearing is not a trial and because Rule 296 specifically states that findings of fact and conclusions of law are mandatory in "any case tried in the district or county court without a jury," Rule 296 is inapplicable to postjudgment hearings). The Defendants also cite a case holding that a request for findings made after a postjudgment hearing will not extend the appellate timetable. *See Santiago v. Bank of N.Y. Mellon*, No. 05-15-00342-CV, 2015 WL 2375400, at *1 (Tex. App.—Dallas May 18, 2015, no pet.) (mem. op.).

We are unsure what we are supposed to glean from this argument. Even if it had no "duty" to do so, if the trial court had made findings, we could have considered

them.  *See Shanklin v. Shanklin*, No. 13-15-00392-CV, 2016 WL 3962707, at *2 (Tex. App.—Corpus Christi–Edinburg July 21, 2016, no pet.) (mem. op.) (stating that for purposes of Rule 296, a case is "tried" to the court when there is an evidentiary hearing before the court upon conflicting evidence and that "[f]indings not 'required' by rule 296 could 'properly be considered' by an appellate court when such findings are 'not without purpose' or 'may be useful for appellate review'—for example, where the trial court's judgment is 'based in any part on an evidentiary hearing'").

And more fundamentally, even if the trial court had no duty to make findings, that does not stifle our ability to imply how it resolved a factual question and then review whether that resolution was correct.  If no findings are made, we still imply the findings necessary to support the judgment or order and then apply the standards of evidentiary review to those implied findings.  *See Wittau v. Storie*, 145 S.W.3d 732, 736 (Tex. App.—Fort Worth 2004, no pet.) (per curiam) (stating that when no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it and that "[b]ecause a record was made of the nunc pro tunc hearing, however, these implied findings are not conclusive, and [appellant] may challenge them by raising both legal and factual sufficiency of the evidence issues" (citing *Pharo v. Chambers Cty.*, 922 S.W.2d 945, 948 (Tex. 1996), and *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989))).

The Defendants' second procedural argument appears to suggest that when the trial court does not have a duty to make findings, we lack the ability to imply the

23

apparent basis for the trial court's ruling and then review that implied basis. As shown, the latter is not dependent on the former. Indeed, at least two courts of appeals have implied findings in appeals involving the same question before us regarding whether a party was entitled to fees as a prevailing party. *See Lusk v. Osorio*, Nos. 14-17-01011-CV, 14-18-00522-CV, 2019 WL 3943195, at *7 (Tex. App.—Houston [14th Dist.] Aug. 20, 2019, no pet.) (mem. op.) ("When a trial court does not file findings of fact and conclusions of law to support its ruling, as here, we infer all findings necessary to support the judgment. Likewise, we infer the necessary finding in favor of the trial court's judgment that [appellant] nonsuited her claims to avoid an unfavorable summary judgment." (citations omitted)); *BBP Sub I LP v. Di Tucci*, No. 05-12-01523-CV, 2014 WL 3743669, at *4 (Tex. App.—Dallas July 29, 2014, no pet.) (mem op.) ("The trial court's implied finding that [appellant] voluntarily dismissed the [Texas Theft Liability Act] claim to avoid an unfavorable judgment on the merits is supported by the record.").

We overrule the Defendants' second issue.

## IV. Conclusion

We overrule the Defendants' first issue because the trial court's order of nonsuit did not dispose of their fee claim; thus, the order does not contain the error they contend it does. Even if it did, any error is harmless. We overrule the Defendants' second issue because the evidence does not conclusively establish the inference they advocate for; instead, the record supports the inference that the trial

24

court opted to make, and that inference warranted the denial of the Defendants' fee motion. We affirm the trial court's order denying "Defendants Jason and Audra Hoheisel's Motion for Attorneys' Fees as Prevailing Parties."

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  January 23, 2020